Curia, per SAVAGE, Oh. J.
The question to be decided is, whether the plaintiff has a right to maintain an action in his own name, either on the covenant to pay rent, or the covenant to surrender the premises in good repair at the end of the term.
To ascertain the rights of the parties, it is necessary to examine the assignment to Haswell; and see what was conveyed to him. The plaintiff assigned the lease of Wil *209 lard, and all the rents to become due during the term. No interest in the premises leased, except the rent issuing from them, is contained in this assignment. The reversion is not conveyed in terms, nor can it be by implication. When rent is reserved, it is incident, though not inseparably so, to the reversion. (Co. Litt. 143.) The rent may be granted away, reserving the reversion ; and the reversion may be granted away, reserving the rent, by special words. By a general grant of the reversion, the rent will pass with it as incident to it; but by a genéral grant of the rent, the reversion will not pass. The incident passes by the grant of the principal; but not e converso. (Co. Litt. 151; 2 Jac. L. D. Reversion.) The assignment to Haswell did not convey the reversion; and it, of course, remained in the plaintiff. It was perfectly within the power of the plaintiff to have assigned the rent to one, and the reversion to another; but he conveyed nothing beside the rent, unless something more passed by *the words, “ the within lease.” It cannot be contended, that these words conveyed the fee of the house and lot. If anything was intended more than the instrument itself, it must be the plaintiff’s interest in the premises during the term. But until the term was ended, the lessee could not be called upon to surrender the possession of the premises in good repair. All the interest and authority of the plaintiff during the term was to collect the rent. Authority for this purpose was given to Haswell by the assignment ; but it is altogether silent as to transferring any right to damages, which the plaintiff might be entitled to by reason of a breach of the other covenants in the lease.
That the right to prosecute upon a covenant to leave the premises in' repair, belongs to the assignee of the reversion, was decided in the case of Matures v. Westwood, (Cro. Eliz. 599, 617.) But there is a great difference between an assignee of the reversion, and an assignee of the rent. By an assignment, the assignor parts with his whole interest in the thing assigned; and puts the- assignee in his place. (4 Cruise, 111.) There is no doubt of the correctness of this rule; but the question still recurs, what was the thing assigned ? I am satisfied, and have endeavored to show, *210 that nothing but the rent was- assigned. Our statute to enable grantees of reversions to take advantage of conditions to be performed by lessees, which is substantially a copy of the 33 Henry 8, ch. 34, relates solely to' grantees of reversions; and as the reversion has never been granted in this case, the statute has no application. That the assignee can take advantage of all covenants which run with the land, is perfectly settled, but not of such as are collateral. Glover v. Cope, (4 Mod. 81,) a case'undér the statute, decided that the assignee of the' reversion might sue the lessee. The same point was' held in Bally v. Wells, (3 Wils. 29;) and that on a covenant which runs and rests with the lands, an action lies for or against the assignee at the common’ law, although the assignees are not named in the covenant; quia transit terra cüm onere. And it was held that a ^covenant to repair is one which concerns the land, and runs with it. I agree, therefore, that if the reversion had been assigned to Haswell, this action could not be maintained ; but we are constantly brought back to the assignment.
Littlewood v. Jackson, decided by this court, May term, 1820, is supposed to control this case. One Bailey had a term of 1590 years; and he demised to the defendant 1550 years of his term, reserving a rent of £12 15s. Qd. After-wards Bailey assigned to the plaintiff the rent and all remedies for its collection, and all the estate, &c., claim and demand of Baily to the rent, to have "and to hold for the 1550 years. After the plaintiff became entitled to the rent, £118 3s. 5d., being rent for 9"years and 3 quarters, fell due and was in arrear. The verdict being for the plaintiff, the defendant moved in arrest of judgment, on the ground that the plaintiff had not alleged that he ‘was the assignee of the reversion: But the court denied the motion. As I understand this-case, it decides that the assignee of the rent may recover it'‘in that character, without being assignee of the reversion. It is an authority to show that Haswell might sue for and recover the rent in arrear; and consequently the plaintiff cannot; but it proves nothing as to the other covenants in the lease.
*211 The re-assignment by Haswell to the plaintiff, was perfectly useless in respect to the maintaining of this suit. Arrears of rent are a chose in action ; and not assignable like accruing rent. Haswell was assignee of the rent; and the whole became due before the re-assignment. If the plaintiff can recover the arrears, it must be in the name of Haswell.
My conclusion is, 1. That the rents were assigned to Haswell; but not the reversionary interest in the premises; that the plaintiff, therefore, cannot recover, in this action, the arrears of rent; and 2. That the reversion having always remained in the plaintiff, and the covenant to surrender up the premises in good repair not being broken until the term ended, no one but the owner of the reversion can prosecute for the breach of that covenant; that, consequently, the plaintiff is entitled to recover upon *the breach of that covenant; and for the injury generally done to the freehold.
The non-suit must be set aside; and a new trial granted, with costs to abide the event.
Eule accordingly.