## AARON BURDEN *vs.* STEPHEN H. THAYER & another

Where the owner of land, which he has leased for years, grants the reversion by absolute deed or mortgage, the grantee is entitled to all rents that subsequently become due, and may maintain an action against the lessee to recover them. *Aliter,* of rents that were due and in arrear at the time of the grant of the reversion.

If a grantor of a reversion assign to the grantee rents that are due and in arrear, the grantee cannot maintain an action in his own name against the lessee to recover such rents.

The rule introduced into the English law by the 9th section of *St.* 4 Anne, *c.* 16, by which grants of reversions are made effectual without attornment of tenants, is in force in this State.

THIS was an action of debt for three years' rent of a water privilege and a manufactory in Mendon. The defendants brought money into court, under the common rule, in payment of the rent for the last two years, and the parties went to trial before *Wilde.* J. upon the question whether the plaintiff was

entitled to recover the first year's rent. A verdict was returned for the plaintiff, to be set aside, and a new trial to be granted, if in the opinion of the whole court the plaintiff cannot recover said rent.

The facts of the case appear in the opinion of the court.

*Washburn*, for the defendants.

*Barton*, for the plaintiff.

SHAW, C. J. Upon the case stated, it appears that in 1833, William Capron, being owner of the estate, leased the same to the defendants for a term of twelve years from April 1st 1833, at a rent of $130, payable annually, on the 1st of April each year during the term.

On the 5th April 1837, said Capron mortgaged the leased premises to the plaintiff, to secure the payment of $2250, in one year from date, which has never been paid. In May 1837, the plaintiff gave notice of this mortgage to the defendants. The defendants have paid to the plaintiff the annual rents due April 1st 1838 and 1839, which accrued after the mortgage to the plaintiff; but they refuse to pay the rent due April 1st 1837, which became due and payable to Capron, the lessor, five days before his mortgage to the plaintiff; and the question is, whether the plaintiff is entitled to recover that year's rent.

The mortgage from Capron to the plaintiff described the premises as under lease to Thayer & Fairbanks, for a term of years, and adds — "should the conditions of the mortgage be broken, the rents, dues, and demands, of every kind arising out of said leased premises, due or becoming due, shall be paid to said Burden, his executor, and all the leases shall be assigned to him, and he is authorized to demand and receive the same in his own name, or that of said William Capron, and proceeds appropriated to the payment of said mortgage."

The court are of opinion, that the plaintiff has no right to recover the year's rent which fell due and was payable, and in arrear, when he took his deed of Capron. When a man takes a deed, either by way of absolute conveyance or mortgage, of an estate which is under a lease for years, he must take such estate as his grantor had ; which, in that case, is a reversion —

the estate subject to the lease. But the rent is incident to the reversion and passes with it, and the grantee or mortgagee, by force of the conveyance, has a right to receive all rent accruing upon the estate ; it is a part of the realty and passes by the deed. But when rent is payable quarterly or yearly, the annual or quarterly payments are not to be apportioned. If the reversion is transferred before the time at which the rent becomes due, the right to such quarter's or year's rent passes with the reversion. In the present case, had the year's rent become due five days after, instead of five days before the mortgage to the plaintiff, it would have passed by it to the plaintiff. The rule is well expressed in Cruise's Digest, Tit. 28, *c.* 1, § 65. The right to a rent service is real estate descendible to the person who is entitled to the reversion. But from the moment that a payment of rent becomes due, it will go to the lessor's executor.

Formerly, in order to constitute a privity of estate between the purchaser of the reversion and the lessee, so as to enable the former to maintain an action of debt for rent, attornment was necessary. But by *St.* 4 Anne, *c.* 16, § 9, a grant of the reversion is good and effectual without attornment. *Moss* v *Gallimore*, 1 Doug. 279. That statute having been passed long before the revolution, and this provision being a rule in amendment of the common law, we may probably consider it in force here. *Commonwealth* v. *Leach*, 1 Mass. 61. But if otherwise, the rule itself is well established on the authority of long usage, and its adaptation to the more simple tenures, which were in use under our former government. *Farley* v. *Thompson*, 15 Mass. 25, 26.

The general principle, that all future accruing rent passes with the reversion, is confirmed by the case of *Birch* v. *Wright*, 1 T. R. 378. These principles apply to all effectual conveyances of the reversion, whether by absolute deed or by mortgage. Then let us apply them to the case of a mortgage of an estate under lease, and with reference to other cases determining the relative rights of mortgagor and mortgagee.

It is now well settled, that a mortgage in fee transfers presently all the title which the mortgagor has in the estate ; and

this includes the right to enter and hold possession of the estate, even though the mortgage is given to secure the payment of a debt at a future day, unless there is some stipulation that, until a breach of the condition, the mortgagor shall hold posses- sion. In such case, the rents and profits of the mortgaged prem- ises constitute a part of the fund pledged for the payment of the principal and interest of the debt to be secured ; and must be accounted for by the mortgagee. *Newall* v. *Wright*, 3 Mass. 138. But in such case, it is optional with the mortgagee, whether he will enter or not ; and in general if the estate is am- ple security for the debt and interest, it is not for the interest of the mortgagee to incumber himself with a liability to account ; and therefore it commonly happens, that in case of a mortgage in fee, the mortgagor is left in possession.

But in case the premises, at the time of the mortgage, are under lease for a term of years, the mortgagee cannot disturb the possession of the lessee, who has a prior title ; and there-- fore he cannot enter. But as the mortgage transfers the rever sion, to which the rent is incident ; as it binds the whole of the realty, of which the rents afterwards accruing are a part ; he may give notice of his right to the lessee, and of his election to take the rents ; and then the lessee becomes bound to pay the rent to him as mortgagee. But if he does not elect to take the rents and account for them, then, in analogy to the right of a mortgagee in fee to enter or not, at his election, the mortgagee of a reversion may forbear to give notice to the lessee ; and in that case, the lessee will be protected in paying the rent to the mortgagor. And so it seems to be provided by the statute of Anne before cited, that no tenant shall be prejudiced by the pay- ment of rent to his landlord, until he has notice of the transfer of the reversion. This, it is strongly intimated by Mr. Justice Buller, in the case of *Birch* v. *Wright*, 1 T. R. 385, would have been the rule of the common law, if no such proviso had been expressed in the statute.

But it seems to be extremely well settled by the cases, that the rent, which became due and was in arrear at the time of the assignment of the reversion, whether absolutely or by way of

mortgage, was a part of the personalty due to him who had the reversion when it accrued, and did not pass to the grantee or mortgagee of the reversion. *Moss* v. *Gallimore*, 1 Doug. 279. *Birch* v. *Wright*, 1 T. R. 378. *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 268. *Demarest* v. *Willard*, 8 Cow. 206. To apply these rules to the present case, it results, that at the time the rent now in question fell due, April 1st 1837, William Capron was the holder of the reversion in his own right, and by force of the lease was entitled to the rent. It then became a debt to him, a chose in action, and did not pass by the mortgage to the plaintiff. But as the plaintiff did give notice to the tenant, in May, which was before another year's rent became due, he acquired a right to the rent which accrued April 1st 1838, although it was before condition broken. This, however, is stated on the assumption that there was no stipulation in the mortgage, that the mortgagor should retain possession until condition broken. This is not stated in terms, but we take it for granted, though not now material to this case, because that year's rent has been paid into court, by the defendant.

But another ground is taken in argument, arising out of the special terms of the mortgage, as above cited. It is contended that by force of that special clause, Capron assigned to the plaintiff rents, dues and demands arising out of said leased premises, due or becoming due, &c. It may well be doubted whether this did not look to the contingency of the condition being broken by the non-payment of the debt, and mean to transer to the mortgagee such sums as should be then due. But the decisive answer is, that this, if available at all, was nothing more than the assignment of a chose in action. The year's rent then due and in arrear was a debt, and though it arose out of the land, yet had become wholly detached from it. All the above authorities, which go to show that it had ceased to be part of the realty, and that it did not pass by the conveyance of the land, establish the point, that it was a mere chose in action. Being so, it cannot be recovered by the plaintiff in his own name, whatever

equitable right he may have to claim it, in the name of the as-signee. *

According to the terms of the report, the order must be, that a new trial be granted ; but as this opinion is decisive of the plaintiff's case, the proper course will be, if the plaintiff consent, to enter a nonsuit.

---

* See *Willard* v. *Tillman*, 2 Hill's (N. Y.) Rep. 274.