Wilde, J.
1. The defendants’ first objection is, that there is a variance between the declaration and the lease given in evidence; it not being averred in the declaration, that J. W. Langdon & Co. signed by their partnership name. If this .objection would otherwise have been good, the defect was cured by the amendment moved for b-y the plaintiff, and properly allowed by the court. The Rev. Sts. c. 100, §§ 21, 22, 23, give great power to the court in the matter of amendments. By § 21, “ No writ, process, declaration, ór other proceeding in the courts, or course of justice, shall be abated, arrested, quashed, or reversed, for any circumstantial errors or mistakes, when the person and case may be rightly understood by the court, noi through defect or want of form only. By § 22 the couW i.- *79 authorized, at any time before judgment rendered, to “ allow amendments, either in form or substance, of any process, pleading, or proceeding,” in an action, on such terms as shall be just and reasonable. And § 23 provides for the amendment, after judgment rendered, “ of any defects or imperfections in matter of form, found in the record or proceedings,” “ if substantial justice requires it, and if the amendment is in affirmance of the judgment.” Under these provisions of law, there can be no doubt, that this amendment, as well as the others made in this case, were rightly allowed by the court of common pleas.
2. It is next objected, that both partners are not bound by the signature of “ J. W. Langdon & Co.,” because, it is said, one partner has no power to bind his copartner, without his assent, by an instrument under seal. This doctrine has been established in England since lord Kenyon’s decision in Harrison v. Jackson, 7 T. R. 207, overruling a nisi prius decision of lord Mansfield. In this state, the question was much discussed in Cady v. Shepherd, 11 Pick. 400, though not necessary to the decision of that case.
But, however the law may be on this point, the defendants cannot here deny this signature. In an action of debt on a lease under seal, nil debet is a bad plea, if the defendant means to deny the signature ; he should plead non est factum. Even if this would be otherwise in this state, since special pleading was abolished, still the defendant would be obliged to specify his intention in defence. This point is settled by the thirty-eighth rule of the court of common pleas, (being the same as the fifty-third rule of this court,) which provides, that “ when an action is brought on a promissory note, bill of exchange, or other instrument, the defendant shall not on the trial be allowed to deny his signature, or that of any other party to the instrument, unless it be under a plea of non est factum to a bond or other deed, or unless the defendant shall have filed a notice in writing of his intention to deny the signature.” And this rule applies to the case of one partner who would deny the signature of the name of the firm, made by his copartner, equally with other cases, and for the same reason, to prevent the plaintiffs being taken by surprise.
*80 3. The defendants then object that the lease given in evidence is not the lease of James and Abigail Crosby, because the demise is not in then names. But although it might not be a good conveyance as against the Crosbys, yet the defendants are estopped to deny the validity of the lease; for, if not the lease of the Crosbys, it is the lease of Adams, and the defendants, having occupied and enjoyed the premises without being disturbed by the Crosbys or by any other person, cannot deny the title of their lessor.
4. The defendants contend, that the assignment is void, as it transfers the rent only, and not the reversion. But the cases of Allen v. Bryan, 5 B. & C. 512, and Demarest v. Willard, 8 Cow. 206, cited by the plaintiff, show that where the rent alone is assigned, the assignee may sue in his own name for rent accruing after the assignment. Besides, the plaintiffs had a valid title to the premises by the deed from the Crosbys.
5. The last objection worthy of notice is that there was no evidence of a joint occupation. But under a joint lease the occupation of one is sufficient. Exceptions overruled.