### JOHN W. HUNT *vs.* JAMES M. THOMPSON & others.

If a lease reserves rent payable to the lessor or his assigns, and the lessor assigns " the indenture of lease, for the whole period " mentioned therein, and appoints the assignee as attorney to collect and receipt for the rents in the lessor's name, the assignee may sue for and recover the rents in his own name.

If the owner of premises has given a warranty deed thereof, and afterwards demised the same by a lease for years, reserving rent payable to himself or his assigns, and on the day of the execution of the lease assigned the same to the grantee named in his deed, tenants who have occupied the premises under the lease cannot resist an action for the rent brought by their lessor's assignee.

Under a lease which contains a provision authorizing the lessee to deduct and reserve from the first rents, and pay to J. S. " the cost of floors, and such further sums as the parties shall hereafter agree, or shall hereafter be determined, is due " from the lessor to J. S. for labor performed and materials furnished in constructing and finishing the premises leased, the lessee is authorized to retain a reasonable and proper sum to pay the claim of J. S., although the amount due to him has not been agreed upon or determined, when the rents out of which the reservation is to be paid fall due.

CONTRACT for rent from September 1, 1857, to March 1, 1858, of the first story of the west building of the Hampden Block in Springfield. The first count was in common form for use and occupation of the premises; and the second count declared on a lease from John Mills to the defendants, dated August 27th 1856, by which the premises were demised to them for ten years, at the rent of $500 a year, payable quarterly to Mills or his assigns, and assigned on the day of its date by Mills to the plaintiff.* The answer of the defendants, after general denials

---

* By the assignment Mills granted, assigned and set over " unto the said Hunt, his executors, administrators and assigns, the annexed indenture of lease, for the whole period mentioned in said lease," and appointed Hunt as attorney " in my name," to collect and receipt for said rents, &c.

of indebtedness, admitted the execution and assignment of the lease, and alleged that they had reserved the rents in question to pay the balance due from Mills to Charles L. Shaw, for floors, labor and materials furnished in constructing and finishing the premises, according to the following provision of the lease: "It is further agreed by the parties as follows: that the said Thompson & Co. [the defendants] are to deduct and reserve from the first rents, and pay to Charles L. Shaw, the cost of the floors in said story, and such further sums as the parties shall hereafter agree, or shall hereafter be determined is due from said Mills to said Shaw, for labor performed by him and materials furnished, in the construction and finishing of said story."

At the trial in the superior court, before *Vose,* J., at June term 1860, the plaintiff put in a deed of warranty of the premises from Mills to him, dated September 10, 1855. It also appeared that the defendants went into possession of the premises about the 1st of September 1856, and had occupied them ever since, and paid to the plaintiff the rent under the lease each quarter for one year, but refused to pay the rent accruing from September 1, 1857, to March 1, 1858. The judge ruled that the first count could not be sustained, because the defendants held the premises under a lease; and that the second count could not be sustained, because the action was not brought in the name of Mills; and directed a verdict for the defendants. The plaintiff alleged exceptions, which were argued and decided at September term, 1860.

*E. D. Beach,* for the plaintiff.

*G. Ashmun,* for the defendants.

METCALF, J. The assignment, by Mills to the plaintiff, of the lease which Mills had given to the defendants, was in legal effect an assignment of the rent reserved in the lease; and it is clear, upon the authorities, that the plaintiff, as assignee of the rent, may maintain an action in his own name, to recover it of the defendants. When rent is assigned, without the reversion, the assignee may sue the lessee for rent accruing after the assignment; because the privity of contract is transferred. *Kendall* v. *Carland,* 5 Cush. 74. *Patten* v. *Deshon,* 1 Gray, 327. 2 Leigh's

Nisi Prius, 718.    *Allen* v. *Bryan*, 5 B. & C. 512.    *Demarest* v. *Willard*, 8 Cow. 206.    *Willard* v. *Tillman*, 2 Hill, (N. Y.) 274. *Childs* v. *Clark*, 3 Barb. Ch. R. 52.    *Moffat* v. *Smith*, 4 Comst. 126.    *Ryerson* v. *Quackenbush*, 2 Dutcher, 236.

It appears on the bill of exceptions, that the plaintiff, at the trial, gave in evidence a deed of the leased premises, made to him by Mills, to which both parties had leave to refer in argument. That deed is found to have been given about a year before the execution of the lease, (and therefore is not a conveyance of the reversion,) and purports to convey the premises to the plaintiff, in fee and in trust; so that Mills seems to have had no legal authority to make the lease to the defendants. But as they have peaceably occupied under that lease, they could not have been permitted to deny Mills's title, if he had sued them for the rent. Nor can they now deny his title, in this action by his assignee of the rent. There was, undoubtedly, an understanding between the plaintiff and Mills, that Mills might make the lease, and immediately transfer it to the plaintiff, (which was done on the day of its date,) so that the plaintiff might have the same benefit that he would have had from a lease made by himself.

As the case appears upon the exceptions, the plaintiff ought to have a verdict on the second count in his declaration, but not on the first count for use and occupation, because the rent was reserved in a lease under seal.    *Codman* v. *Jenkins*, 14 Mass. 93.

*Exceptions sustained.*

At the second trial in the superior court, before *Brigham*, J., it appeared that the defendants had paid to Shaw, out of the rents which accrued after September 1, 1857, the sum of $245, for constructing and finishing the premises occupied by them, and that this sum was reasonable and proper. The cost of the floors had been paid by the plaintiff out of the rents received by him previously. The amount due to Shaw from Mills had not been agreed upon by the parties, or determined; and the judge ruled that " unless the rent reserved by the defendants was reserved by them upon an agreement and determination betw᎓᎓ ᎓n

the defendants and said Mills, or the defendants and said Hunt,"
the plaintiff was entitled to recover.   A verdict was thereupon
returned for the plaintiff, and the defendants alleged exceptions.

*N. A. Leonard*, for the defendants.

*Beach*, for the plaintiff.

BIGELOW, C. J.   The construction of that clause in the lease
on which the present contention has arisen is not free from diffi-
culty.   But, construing it with reference to the subject matter,
and with a view to give effect to the intent of the parties, it
seems to us that the interpretation for which the plaintiff con-
tends cannot be supported.   The main purpose of the stipula-
tion was to secure to Shaw the prompt payment of the amount
which would be due to him for labor and materials expended
in finishing the tenement which was the subject of the demise.
Hence the provision was inserted giving to the defendants the
right to reserve the amount from the first accruing rents.   This
purpose might be defeated, if the right to reserve rent for the
benefit of Shaw was to be postponed until the amount due him
could be settled by agreement of the parties, or by arbitration,
or by a resort to a suit at law.   By withholding his assent to
the amount claimed by Shaw, or by refusing to submit the mat-
ter to arbitration, and compelling Shaw to bring an action to
recover the amount, the lessor would be able to delay the time
of payment until the reservation of rent stipulated for in the
lease could not be made.   By the agreement that the defend-
ants should reserve such sum as " shall hereafter be determined
is due " to Shaw, the parties intended only such sum as should
be ascertained to be due to him.   The mode in which it was to
be ascertained or determined was not fixed by the parties.   It
was to be settled in any just and proper manner.   If the parties
did not agree upon the amount, and it was not adjusted in any
way by them before the rents, out of which the reservation was
to be made, fell due, we think the defendants had the right by
the terms of the contract to retain a reasonable and just sum
to pay the claim.   If they reserved too large an amount, they
would be liable for the excess ; but if they kept only a sum suf-
ficient to pay the amount justly due to Shaw, then they would

have complied with the terms of their contract. And in either case the amount due would be " determined," so that the rights of all parties would be duly protected. *Exceptions sustained.*