By the Court.—Monell, J.
The construction which I have given to the provision in the lease, in respect to the right of the lessee to remove the buildings, renders it unnecessary to examine the exception relating to the alleged insufficiency of the evidence of the non-payment of taxes or assessments.
The covenant to pay taxes and assessments, although *471 a covenant running with the land so as' to "bind the estate in the hands of an assignee (Demarest v. Willard, 8 Cow. 206), is a personal covenant for the breach of which an action will lie without any payment by the lessor (Rector, &c., Trinity Church v. Higgins, 48 N. Y. R. 532). At any time during the term, and whenever and as often as default was made by the lessee, payment could have been enforced by action by the lessor. It was not necessary to wait until the expiration of the term or to look solely to the proviso in the lease ; but the right of action was complete, on any default of payment by the lessee.
The right reserved to the lessee ,to remove the buildings upon the demised premises at the expiration of the term, is limited by the condition that the lessee shall have kept and performed all the covenants and agreements of the lease ; and the construction of this condition by the court at Special Term was, that the default of the tenant happening before and continuing to the time the lands were condemned, operated as a forfeiture of his right to remove the buildings, and therefore of his right to any award for damages.
The right to remove the buildings extended by the terms of the lease to the end of the term, and could be exercised at any time during the term, or on the day it terminated; and such right was qualified only by the ■condition that the lessee had paid all taxes or assessments laid upon the premises.
If, at the time this right of removal terminated by its limitation, taxes or assessments were unpaid, the condition would operate; the buildings and improvements would become the property of the lessor, and the lessee’ s right of removal would cease.
But this effect of the condition is, I think, confined to a termination of the lease and term by the effluxion of time, and to a state of things within the supposed contemplation of the parties, and not to a determination of *472 the estate and of the relations of the parties hy operation of law.
No right of re-entry for breach of covenant or condition is given by the lease, and the right to remove the-buildings was, therefore, restricted as a security for, or indemnity against, taxes and assessments. For it Avasdoubtless the intention of the lessor to secure their payment by providing a quasi forfeiture if there should be default. But it is very clear that although the covenant to pay could be enforced at any time, the condition could not operate except on the expiration of the term.
In this case, the estates of the lessor and of the lessee-terminated at the same time and in the same manner. The act which authorizes the condemnation of lands for public purposes provides (Laws, 1813, § 178) that, upon confirmation of the commissioners’ report, the city shall be seized in fee of the lands; and further (§ 181), that thereupon all leases, or other contracts respecting-the lands so taken, shall cease and determine.
It is found as a fact that the'commissioners of estimates appraised the value of the buildings upon the-demised premises at nine thousand five hundred dollars, and that their report was confirmed by the court on the-28th of February, 1888. Upon such confirmation, the title to the land and to the buildings and improvements-thereon became vested in the corporation of the city of New York, and the awards for damages became the property of the parties entitled to them.
Until, therefore, this legal transfer to the corporation, the condition in. the lease was unaffected, and inoperative to deprive the lessee of his buildings." By this, transfer, the award was substituted in the place of the buildings, and the lessee was possessed of the same right in respect to it that he had theretofore possessed in respect to the buildings. He could not have his buildings, and it is doubtful if, during the pending proceedings to condemn the land, he could lawfully have- *473 removed them. He. was not bound to remove them. That right, at least as between him and Ms landlord, had not and could not be terminated until the expiration of the term of the demise, and until it was so terminated the landlord had no claim whatever upon the buildings.
But, upon the confirmation of the commissioners’ report, the rights of the lessee were transferred to the award, and as between him and the lessor, were probably subject to the condition contained in the lease, so-far at least as to require the payment by the lessee of all taxes and assessments for which he was liable under his covenant.
The breach of the condition did not at any time work a forfeiture of the estate of the lessee. There was no-right of entry or words of forfeiture, and it could operate only after the estate had ended.
But if it was in the nature of a forfeiture, it c.ould be relieved ; and it would, I think, be the duty of the court to adjust the equities between the parties in furtherance of justice (Baxter v. Lansing, 7 Paige, 350).
In The Rector, &c., of Trinity Church v. Higgins (supra), the action was upon the covenant to pay assessments, and a recovery was had for the amount of the unpaid assessments, although no part had been paid by the covenantee. The court, in speaking of a recovery under such circumstances, recognizes the equitable power of the court to grant to the covenantor adequate and proper relief.
As it was found as a fact that the buildings belonged to the plaintiff, it follows, I think, that the damages for their being taken should have been awarded to him. That it has been also found that their value was included in the award to the defendant Earle, and after-wards paid to Mm, does not divest, and cannot deprive, the plaintiff of his right to claim them ; and his action is therefore properly brought to recover money received by the defendant to the plaintiff’s use.
*474 But as the defendant, "before receiving the award, was required to, and did pay certain taxes and assessments, which were claimed to be liens on the demised premises, and which, if liens, the plaintiff had covenanted to pay, the defendant should be allowed to deduct the amount with interest, upon establishing that they were liens upon the premises.
The judgment, I am of opinion, should be reversed, and a new trial ordered, with costs to the appellant to abide the event.