ST. REGIS PAPER CO. v. WATSON PAGE LUMBER CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. SALES—ASSIGNMENT OF CONTRACT—RIGHTS OF ASSIGNEE—SUCCESSION TO ASSIGNOR'S RIGHTS.

　　A lumber company agreed to sell to defendant a quantity of logs each year for five years and to lease to defendant its sawmill and facilities for manufacturing and handling lumber for a period of five years. Defendant agreed to return at the termination of the contract period as many feet of lumber used as "crossers", as it held at the time of the making thereof, or to pay for any not so returned at a stipulated rate per thousand feet. The lumber company afterwards sold its timber lands and mill to plaintiff, and also assigned to it its interest in the contract with defendant. Held, that plaintiff by the assignment succeeded to the lumber company's right to demand of defendant at the end of the contract period the amount of lumber used as crossers or the value thereof at the stipulated price.

2. LANDLORD AND TENANT—LEASES—ASSIGNMENT BY LESSOR—RIGHTS OF ASSIGNEE.

　　Where a lease of a lumber mill included certain "covers" or boards used in covering lumber piles on the leased property, an assignment of the lease by the lessor did not of itself entitle the assignee to demand the covers from the lessee at the expiration of the term, and to maintain trover therefor on the lessor's refusal to surrender the same; but such covers, in the absence of any other transfer to the assignee of the lessor's rights, belonged to the lessor.

Appeal from Trial Term.

· Action by the St. Regis Paper Company against the Watson Page Lumber Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed in part, and reversed in part.

On the 29th day of August, 1898, the Santa Clara Lumber Company, a domestic corporation, was the owner of about 57,500 acres of timber land in the county of Franklin. It also owned a sawmill and lumber yard. On that day it entered into a contract in writing with the defendant, the Watson Page Lumber Company, by which it agreed, in substance, first, to sell and deliver to the defendant a large quantity of logs, not less than two million feet and not more than three million feet per year, for five years; and, second, to lease its said "sawmill, together with its planing mill, lumber yard, side track, * * * and all present facilities for manufacturing and handling lumber, for a period of five years from April 1, 1899, at the annual rental .of two

thousand dollars, payable monthly in advance." The ninth paragraph of such contract reads as follows: "Ninth. The Watson Page Lumber Company agrees to return at the termination of this contract as many feet of lumber used as crossers in lumber piles as it now holds, or pay for any not so returned at the rate of six dollars per thousand feet." On May 29, 1899, the said Santa Clara Lumber Company sold and conveyed such timber lands to the plaintiff, the St. Regis Paper Company. Through inadvertence the sawmill property was omitted from the description contained in such deed, and on the 3d day of July following the Santa Clara Lumber Company executed a deed to supply such omission. At the time of the execution of the contract above mentioned by the Watson Page Lumber Company, it received with said mill and lumber yard from the Santa Clara Lumber Company 226,916 feet of "crossers" and 46,100 feet of "covers," or boards which were used to cover lumber piles. At the termination of said contract, the plaintiff, claiming to be the assignee thereof, demanded from the defendant such crossers and covers, and upon a refusal to deliver the same brought this action to recover their value. Upon the trial the court held, as matter of law, that the crossers were included within the contract and passed by the assignment thereof to the plaintiff, and directed a verdict in the plaintiff's favor for their value as fixed by the contract, but directed the jury to determine whether the value of the covers should be added thereto. The court instructed the jury that, if the covers were received by the defendant as leased property, the plaintiff was entitled to recover for the same. The jury rendered a verdict for the value of both crossers and covers, and from the judgment entered thereon, and from an order denying the defendant's motion for a new trial made on the minutes, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

John P. Badger, for appellant.
Elon R. Brown, for respondent.

PARKER, P. J. As to the "crossers" for which the plaintiff seeks to recover in this action, the defendant received them from the Santa Clara Lumber Company, and it is clear that the plaintiff must show that it has succeeded to such lumber company's interest therein before it can maintain this action. It is also clear from the evidence in this record that this plaintiff entered into a parol contract with such lumber company to purchase all the timber lands mentioned in the contract between such lumber company and the Watson Page Company, which is set forth in the complaint herein, and also to purchase the mill, lumber yard, etc., with the appurtenances and fixtures thereto belonging, and also all the rights and interests of such lumber company in such contract, and to assume all the obligations of such Santa Clara Lumber Company therein specified, and that this plaintiff, in pursuance of such agreement, not only paid the price agreed upon, but stepped into the place of the lumber company and also fully performed with the defendant all the obligations which the lumber company had thereby agreed to perform. These facts are so clearly proven that they are hardly denied on the part of the defendant. In performance of such agreement on its part the Santa Clara Lumber Company executed conveyances of the lands in such agreement specified. It also drew up an assignment of such contract, and submitted it for the approval of this plaintiff, and the contract so submitted was in its terms entirely satisfactory to this plaintiff. Such instrument, however, was never signed by either party, but each of them proceeded to act under the agree-

ment, and it was ultimately carried out by both the parties thereto and by the Watson Page Lumber Company as if such submitted assignment had been actually executed. We may therefore assume that a parol assignment of the contract was actually made from the lumber company to this plaintiff, and that the terms thereof were as in such submitted assignment expressed.

That the mill and the lumber yard and fixtures were actually sold and conveyed to this plaintiff, and the said written contract and all of the lumber company's interest therein was actually assigned to the plaintiff, is fully established. But the question is: Were the crossers and covers, for which this action is brought, thereby sold and transferred to this plaintiff? It is claimed by the defendant that it does not appear that either of such articles of personal property were included in the parol agreement between the lumber company and this plaintiff above referred to. It urges that, as to the crossers, they at most were personal property leased to the defendant with the mill, and that the sale of the mill and a transfer of the lease by the lessor, viz., the lumber company, would not operate to transfer the title to the property leased, and thus it took no interest therein by an assignment of such contract. True, if it is to be considered that the crossers were taken and held by the defendant merely as property leased to it for a term of five years; but by the ninth clause of such contract the defendant received the crossers under an agreement to return at the termination of the contract as many feet of lumber as it then held of "crossers," or to pay therefor at the price of $6 per thousand. By this agreement the defendant held such crossers, not merely as a lessee, subject to the rights and obligations which the law imposes upon such a relation, but it had the right to use and convert to its own use all of such crossers at any time, and pay therefor at the agreed price of $6 per thousand. In other words, the defendant held the crossers, not as a lessee, but under the contract obligation above specified.

The defendant's counsel, in his points and upon the argument, declares it to have been a sale of such crossers to the defendant, which I am inclined to think is a correct construction of the transaction; and in that case an assignment of such contract would, in my judgment, transfer to the assignee all of the lumber company's rights to demand from the defendant the payment which by the terms of the contract so assigned it had contracted to pay. At the time of the assignment of such contract, the rights of the lumber company in these crossers did not rest in the fact that it had the title thereto, because, as against the defendant company, it could not claim that it had it, but in the contract obligation on the part of the defendant, contained in such Ninth clause, to pay for them either in lumber or cash at the end of the term. Such contract obligation was transferred with the assignment above referred to, and hence the plaintiff succeeded to the right of the lumber company to demand such payment from this defendant. The objection, therefore, that the title to leased property does not pass with the assignment of the lease is not applicable to this case.

As to the "covers" there is no mention made of them, by that name, in the contract between the lumber company and this defendant. They were in the lumber yard, however, at the time such contract was entered into, and were received by the defendant by reason thereof. The trial court left to the jury the question whether, by the phrase "and all present facilities for manufacturing and handling lumber," it was intended to include such covers as a part of the property leased. The jury have decided that it was so intended, and we may on this appeal so construe such contract. But, viewing that part of the contract, which in its second clause refers to the mill, lumber yard, etc., as a lease merely, and the covers as leased property merely, the defendant urges the objection that as to them the assignment of such contract or lease did not transfer any of the property so leased; that therefore as to those covers there is no evidence that the plaintiff has in any way acquired any title thereto or right to demand the same. The trial court instructed the jury that if such covers were included in such contract as "leased" property the plaintiff could recover their value. The action and the recovery seems to be based uopn the theory that in that event the transfer of the contract or lease would vest the ownership of the leased property in the plaintiff, and therefore it could maintain "trover" against the defendant as a lessee who refused to surrender up the leased property on demand after expiration of the lease. I am of the opinion that this view of the case is error. Assuming that the defendant held the covers as a lessee from the Santa Clara Lumber Company, and such company made no other transfer of its rights than by an assignment of such contract or lease, its rights to demand such covers on the expiration of the five years would remain in the lumber company, and the plaintiff would take no right therein. Demarest v. Willard, 8 Cow. 209; Huerstel v. Lorillard, 6 Rob. 260, 262; Id., 7 Rob. 251, 267. If there were evidence of a parol sale of such covers independent of the deeds, and of the assignment of such contract, and if such evidence were so conclusive that we could assume, as matter of law, that such a sale was made, we might affirm this judgment on the theory that the verdict of the jury was correct, although as to the covers it was reached upon an incorrect line of reasoning. But while, upon the whole case, there is little doubt but that a transfer of such covers was intended between the parties, yet the evidence was not so clear and undisputed as to warrant us in now holding that they were so sold, and that the trial court was authorized to withhold that question from the jury. Without a finding of the jury upon that question, we may not say that the instruction of the trial court as to the plaintiff's title to the covers was harmless.

The defendant's counsel takes several exceptions to the admission and rejection of evidence by the trial court. I am of the opinion that neither of them was a harmful error for which the judgment should be reversed.

My conclusion is that so much of the judgment as affects the plaintiff's claim made and set forth in the first cause of action in its complaint, viz., its claim for the crossers, should be affirmed, and that so much thereof as affects its claim for the covers as set forth

in its second cause of action in said complaint is erroneous and should
be reversed, and that as to such second claim a new trial should be
had.

New trial granted, without costs. All concur.