## Bulger v. Wilderman et al.

*Barnes, Biddle & Myers*, for plaintiff; *Parris & Lischin*, for defendants.

MARTIN, P. J., July 21, 1930. — Plaintiff was tenant of apartments in a building, No. 803 West 66th Avenue, Philadelphia, under a lease dated Oct. 1, 1929, at a monthly rental of $90. The property was subject to a mortgage, dated July 1, 1924. Default occurred, and the assignee of the mortgage, on Oct. 29, 1929, notified the tenant in writing that possession had been taken by the owner of the mortgage on account of default in the payment of the principal and interest due Sept. 1st, and demand was made that rent falling due thereafter be paid to the owner of the mortgage.

On Nov. 13, 1929, the tenant paid the owner of the mortgage the rent due in November, and, subsequently, also paid the rent due in December, 1929, and January, 1930.

On Nov. 12, 1929, a levy was made on the household goods belonging to the tenant by a constable acting under authority of a warrant executed by the agent of the landlord. The tenant issued a writ of replevin, in which the landlord's agent and the constable were made defendants, and the goods levied upon were delivered by the sheriff to plaintiff.

A statement of claim was filed, reciting the mortgage, the lease, the notice that possession had been taken by the assignee of the mortgage after default in the terms of the mortgage, the payment of the rent due in November to the holder of the mortgage, the distraint for rent, the writ of replevin, and the return of the goods seized by the sheriff to the tenant.

An affidavit of defense was filed by defendants. The material allegations of the statement of claim were admitted or not sufficiently denied. Defendants admit that a written notice, dated Oct. 29, 1929, informed the tenant that the holder of the mortgage had taken possession of the premises and demanded the rent. It is alleged in the affidavit that the owner of the mortgage did not take possession of the premises until Jan. 13, 1930, and that the defendant, as assignee of the lease, was in possession of the premises until Sept. 18, 1929, at the time of the levy, and until Jan. 13, 1930. A copy of a letter is attached to

the affidavit, which it is averred was sent to the tenant on Sept. 18, 1929, stating that the defendant had been appointed agent by the assignee of the lease to collect the rents, and demanding that payment be made to him.

The legal question involved in this case has recently been carefully considered by Finletter, P. J., in Miles et al. v. Kolsky & Co., 13 D. & C. 579, in which the conflict of decisions is analyzed. The court said: "There are many cases in which the mortgagee is merely a lien holder. And if this is his position, the plaintiffs would have no right of entry or possession. Nor would they have any right to ejectment against the mortgagor. Yet both of these rights exist, without dispute. Even in the cases where the lien theory is adopted, the right to ejectment has not been denied. . . .

"The strongest case for the estate theory is Tryon v. Munson, 77 Pa. 250, in which Mr. Justice Agnew said: 'The mortgage passes to the mortgagee the title and right of possession to hold till payment shall be made. He may, therefore, enter at pleasure and take actual possession—use the land and reap its profits. Now, this title or lawful right to possession, and actual *pedis possessio*, are not ideal or contemplative merely, but real and tangible. . . . . Thus we perceive an interest or estate in the land itself capable of enjoyment and enabling the mortgagee to grasp and hold it actually, and not a mere lien or potentiality. . . .'

"In the instant case, the mortgagor is in possession (it is argued) through the possession of the tenants, under lease from him, and while the mortgagee may bring ejectment, he has not yet done so, he has not yet entered; and until, by some legal method, he obtains possession, the perception of the rents belongs to the mortgagor.

"Assuming all that has been said, it is, nevertheless, true that the mortgagee has the right of entry, and when he has exercised it, may collect the rents. They are expressly conveyed to him by the mortgage. If the mortgagor is personally in possession and denies admittance to the mortgagee, the latter may be obliged to resort to ejectment; but in such an action he would be entitled to mesne profits, that is, to the rents.

"If, however, the land is in the physical possession of tenants under lease from the mortgagor, their possession is, originally, that of the mortgagor. At common law, before they became tenants of the grantee (mortgagee), even after grant, it was necessary that they attorn to the grantee and thereby become his tenant. But this was rendered unnecessary by the Statute of 4 Anne, ch. 16, § 9, which is in force in Pennsylvania: Roberts' Digest, pages *45 and *46. See Mitchell on Real Estate in Pennsylvania, page 164, where it is said: 'The effect of this is to pass to the grantee of leased lands all the rights of the grantor as landlord.' See, also, Tilford v. Fleming, 64 Pa. 300.

"That is, upon conveyance by deed or mortgage, the possession of the tenants becomes that of the mortgagee. He may insist upon the resulting right to receive the rents whenever he pleases. Until he does so, the mortgagor may receive them. But as a consequence of the right of the mortgagee to enter and because they are expressly granted in the mortgage, he has the right to demand the payment of the rent to him. Indeed, it is the only way in which he can at once enforce or obtain the benefit of the express grant contained in the mortgage of the 'rents, issues and profits' and the only way in which the primary intent of the parties to give full security to the mortgagee can be fully enforced.

"The right to give notice to tenants and receive the rents is generally admitted. See 19 Ruling Case Law, 315, where it is said: 'The mortgagee may give notice to the tenant of his right to collect the rents, and thereupon

becomes entitled to them because the mortgage transfers the reversions, rents, issues and profits of the mortgaged premises.' [Citing cases.]

"Chief Justice Shaw said in Burden *v*. Thayer, 44 Mass. 76: 'The rents and profits of the mortgaged premises constitute a part of the funds pledged for the payment of principal and interest of the debt to be secured. . . . As the mortgage transfers the reversions to which the rent is incident, as it binds the whole of the realty of which the rents after accruing are part, he (the mortgagee) may give notice of his right to the lessee and of his election to take the rents, and then the lessee becomes bound to pay the rent to him as mortgagee.' "

The mortgage of the property No. 803 West 66th Avenue conveyed to the mortgagee the "rents, issues and profits" thereof.

The affidavit of defense is insufficient to prevent the entry of judgment.

And now, July 21, 1930, the rule entered in the above entitled case, to show cause why judgment should not be entered for want of a sufficient affidavit of defense, is made absolute; and judgment is entered in favor of plaintiff and against the defendants.