## JOSEPH WINEMAN AND LEOPOLD WINEMAN
### v.
## BELINDA HUGHSON.

*Covenant, Action of—Pleading—Assignment of Rent—Parol Altera-
tion of Lease under Seal—Assumpsit—Landlord and Tenant.*

1. A lessor may assign the rent to become due upon a lease without
assigning the reversion.

2. The assignee of rent to become due may maintain an action there-
for in his own name.

3. Where rent has been legally assigned, the assignee may recover it
without notice of the assignment to the lessee, unless the rent has been
paid to the lessor, in which case such payment may be shown as matter
of defense.

4. Where to describe an instrument, words of art are used, such as
indenture, deed, etc., which words import a seal, a declaration in cov-
enant will be good without an averment of sealing.

5. Where the terms of a lease under seal have been changed by parol,
the new or substituted agreement must be the subject of an action of
assumpsit; covenant will not lie.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
RICHARD S. TUTHILL, Judge, presiding.

Declaration in the words following : " Belinda Hughson,
plaintiff, by R. B. Bacon, her attorney, complains of Joseph
Wineman and Leopold Wineman, doing business as J. & L.
Wineman, of a plea of breach of covenant.

" For that, whereas, on the 31st day of May, A. D. 1888, by
a certain indenture or lease then and there made between
one Reuel W. Bridge, of the one part, and the defendants,
of the other part (the counterpart of which said indenture
the plaintiff now brings here into court), the said Reuel W.
Bridge did lease and demise unto the defendants, their execu-
tors, administrators and assigns, certain premises situated in
the county aforesaid, to wit: the south half of main floor and

Wineman v. Hughson.

basement of building known as Nos. 254 and 256 Franklin street, in the city of Chicago, county and State aforesaid, the entire second floor, and the south half of the fifth floor of said building, together with the free use of elevator, in common with the other tenants of said building, and free steam for heating purposes; to have and to hold the same to the defendants, their executors, administrators and assigns, from said 31st day of May, A. D. 1888, until the first day of January, A. D. 1890, yielding and paying therefor, for said term, the sum of $7,125, payable in monthly installments of $375 each, in advance, on the first day of each and every month of said term. And the defendants did hereby, for themselves, their executors, administrators and assigns, covenant with the said Reuel W. Bridge, his heirs, executors, administrators and assigns, among other things, that they, the defendants, would well and truly pay, or cause to be paid, to the said Reuel W. Bridge, his heirs, executors, administrators and assigns, the said rent, to wit, the sum of $7,125, in said monthly installments, in advance as aforesaid. And plaintiff further avers, that afterward, to wit, on or about the 11th day of June, A. D. 1888, the said defendants covenanted with the said Reuel W. Bridge to surrender to said Reuel W. Bridge said second floor of said building so demised to them, and to accept in lieu thereof the balance of the main floor, except the shipping room in the northwest corner, and certain other reservations, but that all the other provisions of said indenture or lease were to remain as before. And plaintiff further avers, that afterward, to wit, on or about the 26th day of September, A. D. 1888, it was covenanted by and between the said Reuel W. Bridge and the said defendants, that the term of said demise should be extended, upon the same terms and conditions as to amount and time of payment of rental, for the period of two years, that is, until the 1st day of January, A. D. 1892. And plaintiff further avers that on or about the month of March, A. D. 1889, the said Reuel W. Bridge, for a good and valuable consideration, assigned, transferred and set over unto said plaintiff, and her assigns, the said indenture or lease,

under his hand and seal upon the said lease, in words as follows:

"For value received, I hereby assign, transfer and set over to Belinda Hughson and her assigns, this lease, and all rents accrued and to accrue hereunder, until my indebtedness to her is fully paid.

REUEL W. BRIDGE.  (SEAL.)

"By means whereof the said defendants became liable to pay to said plaintiff the said rents thereafter accruing thereunder, according to the tenor and effect of said indenture or lease, until the indebtedness of said Reuel W. Bridge to said plaintiff is fully paid. And plaintiff further avers that the said Reuel W. Bridge was, at the time of the said assignment of said indenture or lease as aforesaid, indebted to said plaintiff, and that he is still indebted to said plaintiff, to wit, in the sum of $5,000. And plaintiff further avers that she is now the legal owner and holder of said indenture or lease, and that she is entitled to have and to receive the rents now accrued and to accrue thereunder until the indebtedness of the said Reuel W. Bridge to her is fully paid and discharged. Yet the plaintiff avers, after the making of the said lease or indenture, and after the making of said assignment of said indenture or lease by said Reuel W. Bridge to said plaintiff, as aforesaid, and during the term thereby granted by said indenture or lease, to wit, on the second day of July, A. D. 1890, a large sum of money, to wit, the sum of $1,100.25, and lawful interest thereon for the months of May, June and July for the year 1890, of said term, became and was and still is in arrear and unpaid to said plaintiff, contrary to the tenor and effect of the said indenture or lease and the assignment thereof, etc.

"And so the plaintiff says that the defendants have not kept their covenant aforesaid, but have broken the same, to the damage of the plaintiff of the sum of $1,500, and therefore she brings her suit, etc."

General demurrer by both defendants overruled; exception. Defendants elect to stand by their demurrer. Judgment entered in favor of plaintiff against defendants for $1,175.

From said judgment this appeal is prosecuted.

Messrs. Flower, Smith & Musgrave, for appellants.

Mr. R. B. Bacon, for appellee.

Moran, J.  Counsel for appellants urge here in support of their demurrer:

1st.  That there is no allegation that defendants have attorned.

There was no need of such an allegation.  A lessor may assign the rent to become due upon a lease without assigning the reversion.  Crosby v. Loop, 15 Ill. 625.  The assignment set out in the declaration amounts only to an assignment of the rent, but it was entirely sufficient and became operative for that purpose.  Demarest v. Willard, 8 Cow. 206.  The assignee of rent to come due may maintain an action therefor in his own name.  Willard v. Tilman, 2 Hill, 274; Van Rensselaer v. Read, 26 N. Y. 558; Demarest v. Willard, *supra;* Taylor, Landlord & Tenant, Sec. 426. This doctrine is asserted *arguendo* in Potter v. Gronbeck, 117 Ill. 404.  See also Scott v. Lunt's Adm'r, 7 Peters, 595.

2d.  It is urged that there is no allegation that defendants were notified of the assignment before suit, or that any demand was made for the rent.  The rent being legally assigned, the assignee may recover it unless without notice of the assignment defendants have paid it to the original lessor.  If they have done so, it is a matter of defense. The right of action accrued to the assignee of the rent upon the rent becoming due without demand being made for its payment.

3d.  It is said that the assignment set up in the declaration is a conditional one, and it is not averred that the assignment was in force at the time suit was brought.  The averment in the declaration that the assignors are still indebted to said plaintiff, to wit, in the sum of $5,000, is, we think, sufficient answer to this objection on general demurrer.

4th.  Appellants insist that covenant is not the proper

form of action, because the declaration does not show by averment that the instrument sued on is under seal.

While, as a general rule, the declaration should state that the contract sued on was under seal even where the terms "covenant" or "demised" are used, for these words do not import a seal, yet where to describe the instrument words of art are used, such as *indenture, deed* or *writing obligatory*, which of themselves import that the instrument was sealed by the party, the declaration will be good without averment of sealing. 1 Saunders, 291, note.

This declaration avers that by a certain *indenture* or lease, defendants did covenant, etc. Therefore, while it would be more accurate pleading to aver a seal, yet this declaration is not bad, unless the words "or lease" neutralize the word "indenture" under the rule which takes the pleading most strongly against the pleader.

5th. It is contended that the declaration shows that the terms of the original lease were changed by parol agreement and therefore covenant will not lie.

This objection is well taken and so we need not definitely decide the preceding one. As will be seen by reference to the declaration, it avers that afterward and on the 26th day of September, 1888, it was covenanted by and between the said Bridge and defendants, that the term of said demise should be extended, upon the same terms and conditions as to amount and payment of rent, for the period of two years, that is, until the first day of January, 1892. The rent sued for accrued after the end of the term of the original lease, and under and during the extension of term agreed upon. This extension is not shown to have been under seal. We have already seen that averring that it was covenanted so and so, does not import that the contract was under seal. In order to maintain covenant it must appear from the declaration by direct averment that the instrument or contract was under seal, or technical words which import that it was sealed must be used to describe it. 1 Chitty on Plead. 378. The pleading failing to show that the extension contract was under seal, it must be concluded that it was by parol.

"Where a contract under seal has afterward been varied in the terms of it by a subsequent parol contract, made on a new consideration, such substituted agreement must be the subject of an action of assumpsit, and not of covenant."

The pleading shows that the contract under which the rent for which plaintiff is suing is a parol contract, and it follows that assumpsit and not covenant is the form in which the action must be brought.

Therefore the court should have sustained the demurrer to the declaration, and for the error in overruling the same, the judgment must be reversed and the case remanded.