## Buxbaum & Co. v. Dunham, for the use of Kauffman.

1. LEASE—*Assignment—Transfer of an Equitable Right to Rent.*—An assignment and delivery of a lease to a party transfers to him the equitable right to the rent.

2. GARNISHMENT—*Rent to Accrue—Equitable Assignment.*—Where an assignment of a lease by the lessor is made before the rent becomes due, it will take effect as to such rent when it does accrue, and garnishee proceedings against the tenant, served previous to the assignment, will not affect it.

Memorandum.—Garnishment. Appeal from the Superior Court of Cook County. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

GEORGE W. PLUMMER, attorney for appellants.

Buxbaum & Co. v. Dunham.

Charles Alling, Jr., attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

John W. Kauffman, for whose use this action was instituted, recovered judgment at the June term, 1893, against the above named appellee.

By subsequent proceedings garnishee process sued out by Kauffman was served June 22, 1893, upon the Oakland Club, which is a tenant of Dunham, under a lease to expire May 1, 1896, the rent payable in advance on the first day of each month.

The appellants claim the rent by a petition, which, after showing a consideration of an indebtedness to be secured, alleges that "the said Dunham did on the 27th day of June, 1893, assign and deliver to" them the lease. We understand by this that on the lease some sort of indorsement purporting to assign the lease was made.

Now, while the lessor has no estate under a lease — only the rent—yet such an indorsement does transfer the equitable right to that. Chapman v. McGew, 20 Ill. 101; Dixon v. Buell, 21 Ill. 202.

Kauffman recovered a judgment against Dunham, June 5, 1893. An execution was issued and duly returned "no property found."

Kauffman then filed an affidavit as is required by the statute in cases of garnishment after judgment, and garnishee summons was issued and served on the Oakland Club as garnishee on June 22, 1893.

Five days after such service, on June 27, 1893, Dunham, the judgment debtor, assigned to Buxbaum & Co. his interest in a lease which he owned as lessor of the premises occupied by the Oakland Club as his lessee. Buxbaum & Co. served a notice on the Oakland Club that the lease had been assigned to them, and that it would be terminated unless the rent for July was paid to them on or before July 31st.

To avoid the possibility of a termination of its lease, the Oakland Club filed its petition on July 29, 1893, stating that it had been served with process as garnishee, for the

use of Kauffman, on June 22d, and could not, therefore, pay said rent to Buxbaum & Co. until its liability as garnishee for the use of Kauffman could be determined.

The Oakland Club was allowed, on July 31, 1893, to deposit the July rent with the clerk of the court, subject to the determination of the rights of the claimants to it.

On the next day, August 1, 1893, Buxbaum & Co., who had been summoned to appear in the case, filed their petition averring the assignment of the lease to them by Dunham, the judgment debtor, and asking that the July rent which had been paid into court, be paid to them.

Interrogatories to the garnishee were filed on August 4, 1893, and the answers to them by the Oakland Club were filed August 9, 1893.

On August 28, 1893, the cause came on for hearing upon the demurrer which had been filed by Kauffman to the petition of Buxbaum & Co., upon the answer of the Oakland Club as garnishee, and upon the motion of John W. Kauffman for the appointment of a receiver.

The demurrer was sustained, and the petition of Buxbaum & Co., which asked that the rent for July be paid to it, was dismissed. They appealed.

An equitable right takes precedence of a subsequent garnishment. Gregg v. Savage, No. 4914, this term.

But here the garnishment was first.

The real question of permanent interest on this record, is whether rent to accrue is a subject of garnishment. The difficulty in the way is not that the rent is not due. The 19th section of the garnishment act provides for that in staying execution until twenty days after the debt garnished is due.

But the rent has not been earned. It will belong, unless otherwise disposed of or prevented, to the owner of the reversion when it becomes due.

Some provision of the lease—eviction under title paramount, or other cause may prevent the landlord ever having any interest in it.

It follows, that until the rent was earned there was noth-

ing for the garnishee process to operate upon, and when it was earned and became an indebtedness to the landlord, it no longer was his. If it had remained his until it was due, the garnishment would have been effectual. If a judgment were entered under the 19th section, and the term passed before any rent became due, and then under the provisions of the lease, or by eviction, the rent stopped before it accrued, how could the tenant escape the judgment?

But the landlord has such a probability that rent may accrue as enables him to make an equitable assignment of it which will take effect if, and when it does accrue. Gregg v. Savage, No. 4914, this term.

As, in this case, such assignment was made before there was anything for the garnishee process to operate upon, the judgment of the Superior Court on demurrer dismissing the petition of the appellant was wrong, and it is therefore reversed and the cause remanded.

Omitting to aver that the indebtedness secured by the assignment had not been paid was no defect in the petition. 1. Chit. Pl., 243, *et seq.*