## Paul Ratkowski v. Veronica Masolowski.

1.  DAMAGES—*Probable Profits.*—In March, R. demised to M. a store for a term of three years, to begin on the first of May following.   The store was not then completed, and R. made no covenant that he had done or would do anything.   *It was held* that under the lease, M. had the right to take possession of the store on the first of May, whatever condition it might be in, and R. was only bound not to prevent it, and it was not admissible to compute damages upon any estimate of probable profits.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Heard in this court at the October term, 1894.   Reversed and remanded.   Opinion filed February 12, 1895.

RUNYAN & RUNYAN, attorneys for appellant.

CRUIKSHANK & ATWOOD, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

March 11, 1891, by indenture, the appellant demised to the appellee a store for a term of three years, to begin on the first day of May following, in which indenture she covenanted that she had received the premises in good order and

condition, which could not have been true, as her term was not to begin for fifty days; but when she entered under the lease, the covenant took effect, and could not be qualified by parol. He made no covenant that he had done, or would do anything, but as the store was not then completed, it was no doubt understood that he intended to finish it. Yet all that he was bound to under the lease was not to prevent her from taking the store in the condition that it might be in when May 1st came.

May 2d, she moved fixtures in, and May 8th, moved them out, and sued him. She has recovered $191.10 on the theory, apparently, that because the store was not wholly ready for occupancy, upon which there is a conflict in the testimony with an apparent preponderance in his favor, she was entitled to recover the one month's rent she had paid, expense of moving to and higher rent of another store, and profits she would have made had the store of the appellant been ready for use.

With perfect fairness toward each other, the counsel here have refrained from citing to us any authority applicable to this case. Our view of the law is that under the lease she had the right to take possession of the store when the day came for her term to begin, whatever condition it might be in, and he was only bound not to prevent her so doing. Gazzolo v. Chambers, 73 Ill. 75. And that under no circumstances was it admissible to compute damages upon any estimate of probable profits. Green v. Williams, 45 Ill. 206.

A new trial should have been granted. The judgment is reversed and the cause remanded.