## William P. Reno v. Edward G. Mendenhall.

1. LANDLORD AND TENANT—*Covenants to Repair—Suit for Rent—Recoupment.*—Where there are no covenants in the lease on the part of the landlord to keep the buildings on the demised premises in repair he will not be liable to do so; but if the landlord has expressly covenanted to repair, the obligation will be enforced, and if he sues for rent the tenant may recoup any damage he has sustained by the breach of covenant.

2. SAME—*Covenants to Repair Before the Term Commences.*—If a landlord covenants to repair before the term commences, the tenant may refuse to enter upon the term until the repairs are made; but having entered upon the term and received possession, he can not abandon the lease and refuse to pay rent for the breach of the covenant to repair.

3. SAME—*Failure to Repair—Recoupment by Tenant.*—If the landlord covenants to repair, and fails, the tenant may recoup from the rent the amount of his damages or sue upon the covenant.

4. SAME—*Covenants to Repair—Loss by Fire.*—A covenant on the part of the lessor to repair includes the duty to rebuild in case of fire.

**Action for Rent.**—Appeal from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

HENRY C. GOODNOW, attorney for appellant.

APPELLEE'S BRIEF, KAGY & SMITH, ATTORNEYS.

The landlord is liable to his tenant for an injury resulting from a failure to keep the premises in a proper state of repair. White v. Montgomery, 58 Ga. 204; Freidenburg v. Jones, 63 Ga. 612; Learoyd v. Godfrey, 138 Mass. 315; Nash v. Minneapolis, etc., 24 Minn. 501; Swords v. Edgar, 59 N. Y. 28; Cason v. Godley, 26 Pa. St. 111; Scott v. Simons, 51 N. H. 426.

The legal effect of a covenant to keep the demised premises in repair, without reservation of loss by fire, binds the covenantor to restore the buildings, if damaged by fire, and even to rebuild the same, if burned. Ely v. Ely et al., 80 Ill. 533; Wiegall v. Waters, 6 T. R. 488; Pym v. Blackburn, 3 Ves. 38; Crocker v. Hill, 61 N. H. 345; Phillips v. Stevens, 16 Mass. 238; Leavett v. Fletcher, 10 Allen (Mass.) 119; Cline v. Black, 4 McCord (S. Car.) 431; Nave v. Berry, 22 Ala. 382; Abby v. Billups, 35 Miss. 618; Proctor v. Keith, 12 B. Mon. (Ky.) 252–254; Meyers v. Myrrell, 57 Ga. 516, and David v. Ryan, 47 Iowa 642.

The breach of the covenants to repair and to keep in repair were such acts as to lessen and destroy the benefical interests in the premises, and appellee could off-set or recoup his damages to appellant's action for rent. Wade v. Halli-

gan, 16 Ill. 507; Berington v. Casey, 78 Ill. 317; Dyett v. Pendleton, 8 Cow. R. 727; Wright v. Lattan et al., 38 Ill. 293.

Rent ought to be abated when the beneficial use of the lease is destroyed. Brown v. Morris, 2 Bro. Ch. Ca. 311; 8 Bac. Abr., tit. Rent; Gilbert on Rents

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was a suit by appellant brought to recover rent from appellee, averred to be due and unpaid under two leases for the same premises. The first lease, dated October 10, 1887, was for the term of five years, from March 1, 1888, to March 1, 1893, by the terms of which Reno, the lessor, agreed, among other things, to put the buildings in good repair. The second lease, dated 1891, was also for a term of five years, commencing March 1, 1893; the rent reserved in each lease was $80 per annum, payable in installments of $40 each, on July 1st and November 1st in each year; and by the second lease Reno covenanted to keep the buildings in good repair. Declaration was filed December 27, 1893. The defense set up in the several special pleas was, substantially, that plaintiff had failed to repair and to keep in repair the buildings on said premises, as he had covenanted to do; that on June 30, 1892, without fault or negligence of defendant, one three-story building on said premises was injured and damaged by fire, and one other frame building was thrown down, to prevent it from being burned by the fire from the three-story building; that said buildings were by plaintiff suffered to so remain from June 30, 1893, and defendant deprived of the use and enjoyment of them, to his injury and damage in the sum of $200, which he offered to set off. The jury found for defendant. Plaintiff's motion for a new trial was overruled and judgment was entered on the verdict for costs. Thereupon plaintiff took this appeal.

It appears in evidence that under the first lease the appellee entered into possession of the demised premises, part of which were two buildings, one a frame building, the other a building with a brick basement and two stories of

frame. That on June 30, 1892, these two stories were destroyed by fire and also the doors and window frames of the basement, but otherwise the latter was intact and uninjured. The other frame building was pushed over to prevent it from being consumed by the same fire. Appellee, as to the land, continued in possession under the first lease after the fire, and under the second lease, which went into effect March 1, 1893, and still holds possession thereunder, but was deprived of the use of the buildings, because they were left in the same condition and were not repaired after the fire, although the agent of Reno was notified shortly afterward of the fire and injury to the property thereby occasioned. Appellee paid all the rent up the time of the fire and testified he called the attention of plaintiff's agent to the repairs needed, and to the condition of the basement and chimney before the fire. This chimney was out of repair at the time the lessee entered into possession and the only repair upon it made by the lessor was outside the roof, which did not remedy its defective and dangerous condition. The evidence tended to show the fire was caused by this defective flue.

The unpaid rent sued for was $55 under the first lease, and $80, for one year, under the second lease. It was also shown that the frame house could have been set up and repaired, and so restored to the condition it was in before the fire, and the lessee notified plaintiff's agent he would be satisfied as to the other building if the basement was repaired and a roof put over it, so he could use it as he had done before the fire.

The lessee makes no claim for expense incurred for repairs made by him, but asked to be allowed the amount of damage he sustained by reason of his being deprived of the use of said buildings in consequence of the fire, caused by the breach of the covenant to repair and the breach of the covenant to keep in repair the said buildings.

This damage was shown by the evidence to be, at least, equal in amount to the unpaid rent sued for. Had there been no covenant by the landlord to put the buildings in repair and keep them in repair, he would not be liable under

the evidence. Taylor's Land. & Ten., Sec. 327, and the cases cited in appellant's printed argument, would be in point. But if the landlord has expressly covenanted to repair, the obligation will be enforced, and if he sues for rent, the tenant may recoup any damages he has sustained by the landlord's breach of the agreement. Id., 4th Ed., Sec. 331.

If a landlord covenants to repair before the term commences, the tenant might refuse to enter upon the term until the repairs are made, but having entered upon the term and received possession, he can not abandon the lease and refuse to pay rent for the breach of that covenant. If the landlord fails to repair according to covenant, the tenant may recoup from the rent the amount of his damages for the breach, or sue upon the covenant. Wright v. Lattin, 38 Ill. 293. We do not agree with counsel for appellant in their claim that the restoration of the small building to its condition before the fire, and putting a roof over the basement would not be repairs, but, even if their view be correct, it has been held that a covenant to repair on the part of the lessor, includes the duty to rebuild in case of loss or destruction by fire. Crocker v. Hill, 61 N. H. 345; Leavett v. Fletcher, 10 Allen (Mass.)

The ruling of the trial court, in modifying one of plaintiff's instructions and refusing to give certain others on his behalf, was not erroneous, but was in harmony with our views above expressed. Our judgment is that the verdict was sustained by the evidence, and the judgment entered was right. Judgment affirmed.