## Fleming J. Hefling v. Gilbert Van Zandt.

1. LEASE—*Rights of an Assignee.*—An assignment of a lease, by the lessor, of all his right, title and interest therein, gives the assignee no right of action at law, but only an equity.

2. RENT—*To Accrue—Assignment of.*—Rent to accrue may be assigned by express words.

3. PRACTICE—*Insufficiency of the Declaration.*—Where the sufficiency of the declaration is not questioned, either by motion in arrest in the court below, or assignment of error in the Appellate Court, no advantage can be taken of its insufficiency.

4. SAME—*Cause for Postponement.*—An application for a postponement of a trial which does not show that the appellant has a meritorious defense, is not sufficient.

5. RULES OF COURT—*Judicial Notice.*—The Appellate Court does not take judicial notice of the rules of the court below.

6. LANDLORD AND TENANT—*Possession Taken of Premises Before Completed.*—Where the landlord makes no express covenant to put the premises in condition for occupancy if the tenant takes possession, he will have no valid demand by action or counterclaim in a suit for rent, for any deficiencies in the premises.

7. INSTRUCTIONS—*Oral, When Improper.*—An oral instruction which tells a jury to find the issues for the plaintiff, and assess his damages at

Hefling v. Van Zandt.

$2,166.66, is more than the rule as to oral instructions regarding the form of the verdict laid down in Illinois Central Railroad v. Wheeler, 50 Ill. App. 205, 149 Ill. 525, justifies, but is not reversible error, under the circumstances of this case.

**Assumpsit,** for rent. Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed November 18, 1895.

James R. Ward, attorney for appellant, contended the court not only instructed the jury orally as to the form of their verdict, but that the plaintiff's damages amounted to $2,166.66. In this instruction the court entirely usurped the powers and province of the jury, in violation of the plain statutory provisions. I. C. R. R. Co. v. Hammer, 85 Ill. 527; Greenwich Ins. Co. v. Raab, 11 Ill. App. 638; Arcade Co. v. Allen, 51 Ill. App. 305; Secs. 52 and 53, Chap. 110 R. S.; Ray v. Wooters, 19 Ill. 2.

Smith, Helmer, Moulton & Price, attorneys for appellee, contended that valid objections to instructions given for appellee when the verdict is right are not to be considered. Ill. L. S. Ins. Co. v. Koehler, 58 Ill. App. 558; Penn Coal Co. v. Kelly, 40 N. E. Rep. 939; French, Potter & Wilson v. Wolf, 22 Ill. App. 525; DeLand v. Dixon Nat. Bank, 14 Brad. 223; Joy v. Aultman & T. Mfg. Co, 11 Brad. 416; C. & N. W. Ry. Co. v. Garfield, 11 Brad. 87.

Oral instructions are valid as to all matters except those pertaining to the law of the case. Ill. Cent. R. R. Co. v. Wheeler, 149 Ill. 525.

Continuance of a case is a matter of discretion, and action of the court will not be reversed unless a palpable abuse of discretion is shown. Packard v. Wetherell, 44 Ill. App. 96; N. W. Ben. Mut. Aid Ass'n v. Prim, 19 Ill. App. 227; Treutler v. Halligan, 86 Ill. 39.

Mr. Presiding Justice Gary delivered the opinion of the Court.

By a lease dated April 1, 1889, between John S. Woollacott and the appellant, the former demised to the latter the

hotel part of a five story building then in process of construction, to hold from November 1, 1889, to April 30, 1895. The lease contained no express covenant upon the part of Woollacott.

The declaration avers that on the 10th day of January, 1894, Woollacott assigned all his right, title and interest in the lease to the appellee.

Such an assignment gave the appellee no right of action at law; only an equity. Buxbaum v. Dunham, 51 Ill. App. 240.

Rent to accrue may be assigned by express words. Wineman v. Hughson, 44 Ill. App. 22.

But the sufficiency of the declaration is not questioned, either by motion in arrest below, or assignment of error here, and no advantage to the appellant results from its insufficiency. The cause was put upon the short cause calendar—as the appellant says—in violation of the rules of the Circuit Court; but this record does not contain any rules of that court, and we can not take notice of them. Harrigan v. Turner, 53 Ill. App. 292.

The record does not show that the appellant had any meritorious defense. Therefore no cause for postponing the trial was shown; and the offer by the court to postpone upon terms, raises no inquiry as to propriety of such terms.

The landlord not having covenanted to do anything, while it may be that the appellant might have declined to take possession, and have been discharged from his obligation to pay rent if the hotel was not ready for occupancy when the term was to commence—on which matter no opinion is expressed (but see Reno v. Mendenhall, 58 Ill. App. 87), yet, taking possession, he has no valid demand, by action or counter claim, for any deficiencies in the premises. Ratkowski v. Masolowski, 57 Ill. App. 525.

The lease with an assignment by Woollacott, not only of the lease but of all money to become due upon it, was offered in evidence; whether read to the jury the bill of exceptions does not state, though the language rather implies the contrary. That is not enough. Rogers v. Hall, 3 Scam. 6.

The whole case shows a mere struggle to delay or defeat a demand to which there is no defense, by objections to the mode of precedure.

There is one point more which we find it difficult to deal with. The court orally instructed the jury to find the issues for the plaintiff and assess his damages at the sum of $2,166.66. This is more than an instruction as to the form of the verdict justified in Ill. Cent. R. R. v. Wheeler, 50 Ill. App. 205; 149 Ill. 525.

Thus orally instructing was one of the grounds assigned in the motion for a new trial.

But the counsel for the appellee refused to participate in the trial when the court declined to postpone it, and it is not right that the appellant should now have a just judgment reversed because of an inadvertence of the court which in no way injured him.

The judgment is affirmed.

Mr. Justice Shepard:
I think the oral instruction is reversible error.