Charles J. Barnes, Impleaded with Alfred C. Barnes et al.,
v. The Northern Trust Company, Trustee.

1. LEASES—*Power of Assignee to Collect Rents—Attornment.*—An assignment by a lessor of all his title and interest in a lease, with directions that all rents thereunder be paid to the assignee, authorizes the assignee to sue for the rent to accrue, and no attornment by the tenant is necessary.

Assumpsit, for rent. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

CHARLES L. EASON, attorney for appellant.

DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

January 9, 1890, one Henry Schuttler demised to several persons (of whom the appellant was one) named in the lease, composing the firm of A. S. Barnes & Company, certain premises for a term from March 1, 1890, to December 31, 1894, at the rent of $1,000 per month.

The lease was signed and sealed by Schuttler and by A. S. Barnes & Co., by Charles J. Barnes, the appellant. Whether any other of the firm were bound by the lease or not, the appellant was bound, and was estopped to say that the others were bound.

The appellant only was served with summons, and he only appeared and defended. On the back of the lease was this assignment:

"For value received, I hereby assign all my right, title and interest in and to the within lease unto The Northern Trust Company of Chicago, and direct that all rents thereunder be paid to said trust company.

Witness my hand and seal, this 26th day of November, A. D. 1890.

H. SCHUTTLER."

This assignment permits the appellant to sue for rent to accrue.    Wineman v. Hughson, 44 Ill. App. 22.

And no attornment by the appellant to the appellee was necessary.    Howland v. White, 48 Ill. App. 236.

All the defense upon the facts consists of some supposed parol arrangements for the discharge of the lessees, made with the lessor before the assignment, which we need not go over in detail.

The evidence falls far short of showing a new demise by the lessor to the vendee of the business of A. S. Barnes & Co., from which demise—if made—a surrender by operation of law by, or an eviction of, that firm might be the result; and unless by surrender or eviction the term of the demise to the firm was at an end, any parol agreement to vary the obligation incurred by the sealed instrument would be ineffectual. Leavitt v. Stern, 55 Ill. App. 416.

The judgment which the appellee has recovered for the unpaid rent is affirmed.