Anderson v. McGraw.

---

## Peter Anderson v. J. W. McGraw, for use, etc.

### Gen. No. 12,283.

1. GARNISHEE—*when assignee entitled to funds in the hands of.* An assignee is entitled to money in the hands of a garnishee where notice of his claim under the assignment to him (such assignment being valid in law) is in time for the garnishee to set up the claim of such assignee.

Garnishment proceeding. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed February 13, 1906.

KRETZINGER, GALLAGHER, ROONEY & ROGERS, for appellant.

EDWARD R. LITZINGER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

McGraw by written lease demised certain premises to Anderson for the term of one year from September 15, 1903, at a rental of $95 per month, payable monthly in advance. August 2, 1904, McGraw assigned and endorsed this lease over to Charles Hull Ewing. At the date of the assignment the earned rent had been paid in full. The next and the last monthly payment did not fall due until August 15, 1904.

August 5, 1904, Anderson was summoned as garnishee in a suit entitled McGraw for the use of the City Lumber Co. v. Anderson. The justice transcript shows that the following proceedings were had in this suit: "August 19, 1904, at time set, case called; plaintiff appears; garnishee answers; $95 due; claimed by C. H. Ewing; defendant pleaded bankruptcy and suit dismissed." August 29, 1904, a bond was filed with the justice appealing the case to the Superior Court, where it is still pending.

September 3, 1904, the judgment by confession here under consideration was entered. October 10, 1904, appellant moved to set aside the judgment and for leave to plead to the merits, supporting said motion by his own affidavit. Appellee filed four affidavits in opposition. The court denied the motion. This appeal followed.

The action of the trial judge was correct. The assignment of the lease conveyed the unearned rent to the assignee. The rent due August 15, 1904, never was the property of McGraw. When it became earned and due it belonged to Ewing. It follows that Anderson was not subject to call as garnishee because of this rent upon a judgment rendered against McGraw. Buxbaum & Co. v. Dunham, 51 Ill. App., 240.

The affidavits conflict as to the time when notice of this assignment was given to Anderson. The only object of giving notice is to protect the rights of the assignee. It is undisputed that Anderson received this notice before

he had paid the rent to any one, and in ample time to set up the claim of Ewing in his answer as garnishee.

Appellant contends that neither McGraw nor Ewing has the right to compel him to pay this rent until the Superior Court has determined which of them is entitled thereto; otherwise appellant might be compelled to pay it twice. The point is not well taken. We must presume that the Superior Court will decide the case pending before it according to law. In which event the result feared by appellant will never happen.

The judgment of the Circuit Court is affirmed.

*Affirmed.*