Jacob L. Kesner, Appellee, v. Charles Truax and Willard T. Block, appeal of Willard T. Block, Appellant.

## Gen. No. 20,350.

1. TRIAL, § 68*—*when counter-affidavits inadmissible.* Counter-affidavits read on a motion to open a judgment by confession, which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

are not filed and are withdrawn before the conclusion of the hearing, cannot be considered as in the case as evidence, but the decision on the motion will be held to have been made on other evidential facts.

2. APPEAL AND ERROR, § 1380*—*when motion to vacate judgment addressed to discretion of court.* An application to vacate a judgment is addressed to the sound discretion of the court and on appeal, unless the court of review can say from the evidential facts in the record that such discretion has been abused or inequitably exercised, the judgment appealed against will not be disturbed.

3. JUDGMENT, § 281*—*when laches a ground for refusal to open judgment by confession.* A motion to open a judgment by confession and for leave to plead and defend being analogous to a motion to vacate a judgment by default, the rule as to laches in default cases applies, and a long delay after judgment in making such motion is negligence constituting laches sufficient to bar relief.

4. JOINT TENANCY, § 3*—*when possession by one tenant is possession by the other.* Where one of cotenants equally bound by the lease and having joint rights and obligations is in possession, such possession is the possession of both.

5. LANDLORD AND TENANT, § 216*—*when failure to make changes not ground for cancellation of lease.* Where a tenant enters upon the term and receives possession, he cannot cancel a lease on the ground of the landlord's failure to make changes and improvements covenanted to be made in the lease, but subject to no time limit, by giving notice after so taking possession.

6. LANDLORD AND TENANT, § 310*—*when tenant not released by a note given by cotentant.* The giving of a note by one of two cotenants with collateral security for rent past due does not release the other from the obligation imposed upon him by reason of his being a lessee in the lease nor relieve him from his covenant to pay rent.

7. LANDLORD AND TENANT, § 6*—*when lease not tentative.* Evidence in action for rent examined and *held* not to support contention that lease was only tentative.

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

LYMAN, ADAMS & BISHOP, for appellant.

D'ANCONA & PFLAUM, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal by Willard T. Block from an order denying his motion to open a judgment by confession for $16,000 against himself and his colessee, Charles Truax, entered in virtue of a power of attorney contained in a certain lease to both of them of parts of the premises numbered 116 South Michigan avenue, Chicago, and for permission to plead to the action. The judgment was for rent of the demised premises from February 1st to September 30, 1912, and does not include any amount for attorneys' fees.

There is no dispute concerning the execution and delivery of the lease. The judgment was entered November 7, 1912, and the motion of appellant to be let in to plead filed January 25, 1913. The motion was fortified with the affidavit of appellant; and his codefendant, at his instance, gave oral testimony upon the hearing. Counter-affidavits were read by counsel for Kesner, but were not filed and before the conclusion of the hearing were withdrawn. It appears that the lessees contemplated forming a corporation to carry on business upon the leased premises, and an addenda to the lease was made, providing that when such corporation was formed the lease might be assigned to it, the lessees, however, remaining liable for the performance of all the covenants of the lease obligatory upon them thereunder. After default in the payment of some rent, Truax gave a note to Kesner with collateral security as additional security for its payment. Certain alterations and changes in the leased premises were covenanted to be made by the lessor, but no time for the completion thereof was fixed upon. The lessees were allowed by the terms of the lease to move into the demised premises their trade fixtures at any time after the execution of the lease and before the commencement of the term demised. Such fixtures were placed in the premises soon after the lease was executed, and the lessees through Truax took possession at about the same time. Appellant, on January 8,

1912, wrote a letter to the lessor that he withdrew from the lease because improvements agreed to be made were not made by January 1, 1912. Thereafter the lessor replied to this letter denying that delay in making the improvements was his fault, claiming it was occasioned solely through lessees changing their ideas, necessitating corresponding alterations. Appellant also wrote his cotenant, Truax, informing him of his letter to Kesner. It also appears that at the end of September, 1912, Truax removed from the premises, Block, the appellant, never having personally taken possession. Whatever possession appellant had was constructive and arises from the possession of his cotenant, Truax.

The counter-affidavits, portions of which were read by appellee upon the hearing of the motion, never having been filed, were ultimately withdrawn from the consideration of the court. While such affidavits in certain circumstances are admissible (*Farrior v. Mickle*, 133 Ill. App. 444), yet in the condition of this record we must hold that they are not and never were in this case as evidence, and that the decision of the court upon appellant's motion was based solely on the other evidential facts, and that the court disregarded these counter-affidavits.

An application to vacate a judgment is addressed to the sound discretion of the court (*Blake v. State Bank of Freeport*, 178 Ill. 182), and unless the court of review can say from the evidential facts in the record that such discretion has been abused or inequitably exercised, the judgment appealed against will not be disturbed. *Mumford v. Tolman*, 157 Ill. 258; *Kloepher v. Osborne*, 177 Ill. App. 384.

The court says in the *Osborne* case, *supra*, that "although it may be shown that the defendant has a good defense, a default will not be set aside if the defendant, or his attorney, has been guilty of negligence." A motion to open a judgment by confession

and for leave to plead and defend is analogous to a motion to vacate a judgment obtained by default, and the rule as to laches in default cases is applicable. We think that the long delay of appellant after judgment in making his motion was negligence on his part, which negligence constituted laches sufficient to bar him from obtaining relief.

Appellant and Truax were cotenants and both were equally bound by the lease. Their rights and obligations were joint, and the possession of Truax operated in law as the possession of both. The changes and improvements covenanted to be made in the lease are subject to no time limit, but had the landlord been in default as to such covenant, appellant could not cancel the lease by the notice he gave or thereby evade his liability as tenant in possession; for, as said in *Reno v. Mendenhall,* 58 Ill. App. 87: "If a landlord covenants to repair before the term commences, the tenant might refuse to enter upon the term until the repairs are made, but having entered upon the term and received possession, he cannot abandon the lease and refuse to pay rent for the breach of that covenant." The giving of the note by Truax with collateral security for rent past due in no way tended to release appellant from the obligation imposed upon him by reason of his being a lessee in the lease or to relieve him from his covenant to pay rent.

The contention of appellant that the lease in the record was only of a tentative nature finds no support in that document.

The record failing to show that appellant has any meritorious defense to the claim for rent for which the judgment found in the record was confessed, the judgment of the Superior Court is affirmed.

*Affirmed.*