**B. E. Brooks v. Martin Brady, Administrator of the Estate of William Morris, Deceased.**

1. EVIDENCE—*Written Instruments—Admission Without Proof of Execution.*—Under Sec. 34 of Ch. 110, R. S., entitled "Practice," the following instrument:

$105.70.                                           "CHARLESTON, ILLS., July 15, 1889.

Pay William Morris one hundred and five and 70-100 dollars with eight per cent interest.                                        B. E. BROOKS,"

is admissible in evidence without proof of the signature of the maker.

2. CONSIDERATION—*Notes and Bills Presumed.*—It is not necessary to offer proof of the consideration of a written instrument in the nature of a note or check. A consideration is to be *prima facie* presumed.

3. PROMISSORY NOTE—*What is, as Between the Parties.*—An instrument in the following language: "Pay William Morris one hundred and five and 70-100 dollars with eight per cent interest, B. E. Brooks," as between the parties to it is in legal effect a note.

4. GAMING AND BETTING—*What is Not an Illegal Consideration.*—B. and M. jointly bet and lost a sum of money on the result of a presidential election. M. having paid more than his proportion thereof, B. gave him his note to adjust the difference between them. *It was held,* that the consideration of the note was not illegal, as in violation of the statute relating to gambling contracts and obligations.

5. SET-OFF— *Unliquidated Damages.* —Unliquidated damages not growing out of the plaintiff's claims are not the proper subject of set-off.

Memorandum.—Assumpsit on a note. Error to the Circuit Court of Cumberland County; the Hon. LEONIDAS L. LOGAN, County Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

HUGHES & HAYES and LEVI N. BREWER, attorneys for plaintiff in error.

P. A. BRADY, attorney for defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The judgment from which this writ of error is prosecuted was rendered upon the second count of a declaration, which set out *in haec verba* and declared upon an instrument in writing, of which the following is a true copy, viz.:

$105.70.                    CHARLESTON, ILLS., July 15, 1880.
    Pay William Morris one hundred and five and 70-100
dollars with eight per cent interest.

                                    B. E. BROOKS.

Its execution was not denied by a verified plea and the
court correctly ruled that under the provisions of Sec. 34 of
the Practice Act, it was admissible in evidence without proof
of the signature of the maker.    Nor was it necessary to offcr
proof of the consideration, for that is to be *prima facie* pre-
sumed, whether the instrument is to be regarded as a bill or
note (1 Parsons on Notes and Bills, page 193) or as an order
or check (17 Amer. & Eng. Ency. of Law, page 224).    It is
insisted that the instrument is an imperfect check or order
for the payment of money, the name of the drawee being
omitted, and that recovery could not be had upon it except
on proof that payment had been demanded of and refused
by the intended drawee, or upon surrender of the check or
order and proof of the original indebtedness, which its pay-
ment would have discharged.    We think that as between
the parties the instrument was in legal effect a note.    It is
not important to inquire whether it is a negotiable promis-
sory note, for the case is in legal contemplation as between
the original parties to it.    Evidence was offered tending to
show that the plaintiff in error and Morris, the payee of
the instrument, had jointly bet and lost a sum of money on
the result of the presidential election of 1888, and that the
instrument was executed to adjust the loss between them,
Morris having paid more than his proportion thereof; counsel
insist that such a consideration is illegal, being, as they con-
ceive, in violation of the statute relating to gaming contracts
and obligations.    The consideration, even conceding that the
evidence sufficiently established it to be as appellant con-
tends, was not within the inhibition of the statute.    It was
not money won by the payee of the maker by betting with
him upon the result of the election, but an amount paid by
the payee to another for the maker after the loss had been
sustained.    We do not understand that such a consideration
is within the statute.    Sec. 131, Chap. 38, R. S.    Moreover the

case was heard by the court without a jury, and no proposition, to be held as the law of the case, was presented to the court. We therefore assume that the court entertained correct views of the law. Armstrong v. Barret, 46 Ill. App. 193, and cases there cited. The proof relied upon to show that the consideration of the note grew out of a bet on the election was slight, and we could not say that the court erred in finding as a matter of fact that it had not been proven; but if it had, it was not, as we have already said, within the statute. The plaintiff in error ought to set off damages arising out of an alleged breach of the covenants of warranty, in a deed executed by the payee in the instrument sued on, to him for certain lands, the title to a portion of which it was claimed had failed. The damages were unliquidated and grew out of a transaction wholly disconnected with the plaintiff's cause of action. The court properly ruled that such unliquidated damages were not the proper subject of set-off. Clause v. Bullock Printing Press Co., 118 Ill. 612. No other error is alleged to have intervened. The judgment of the Circuit Court is affirmed.