## L. J. Strause and Callie Mulvany, Co-partners as Strause & Mulvany v. The Owen Electric Belt & Appliance Co.

1. Pleading—*Adding the Similiter.*—A judgment will not be reversed because of an omission to add a *similiter* to the general issue before going to trial.

2. Appellate Court Practice—*What the Abstract Must Show.*—Matters upon which error is assigned must be made to appear in the abstract.

· Assumpsit, for rents. Appeal from the Circuit Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

Hamilton & Fullenwider, attorneys for appellants.

Joseph H. Fitch, attorney for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

As to what this case is about, the abstract tells us : "*Narr.* First count, special on a lease, and common counts." We guess it is an action for unpaid rent, about which there could be no dispute. The appellants' attorneys becoming engaged in a trial before another court, so that they could not attend to this case, advised the appellants to employ other attorneys, which advice the appellants declined to follow and the case was not attended to at all.

After judgment the appellants applied to have the judgment set aside, first, because there was no *similiter* to the general issue, which in the last generation was characterized by the Supreme Court as a "frivolous objection" (Gillespie v. Smith, 29 Ill. 473); second, because the appellants have sustained damages—which are unliquidated—by the failure of the appellee to perform its covenants in some lease made by it to the appellants; but whether it is the

same lease upon which this suit is brought, does not appear by the abstract.

The latest of the numerous cases in which the Supreme Court has said that everything on which error is assigned must appear in the abstract, that has come to our notice, is City Electric Ry. v. Jones, 161 Ill. 47. We do not go beyond the abstract in favor of an appellant.

Then as unliquidated damages can not be the subject of a set-off, unless they grew out of the same subject-matter as the ground of the action (Brooks v. Brady, 53 Ill. App. 155), the abstract does not show that the damages claimed could have been used as a defense to this suit. But if they could the appellants can still sue for their damages. Palmer v. Harris, 98 Ill. 507.

There is no error and the judgment is affirmed.