## Henry C. Suttle v. H. B. Finnegan.

1. PROPOSITIONS OF LAW—*When the Court Should Not Refuse.*—The court should not refuse a proposition of law when it correctly states the law applicable to the evidence.

Assumpsit, on a promissory note. Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded with directions. Opinion filed December 13, 1899.

F. K. LEMON, E. J. SWEENEY and MOORE, WARNER & LEMON, attorneys for appellant.

A. L. PHILLIPS and JOHN FULLER, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The record in this case shows that on November 12, 1897, in vacation, the appellant filed with the clerk of the Circuit Court of DeWitt County, a declaration in assumpsit, in which he charged that appellee made and delivered to Scroggin & Company his promissory note, dated August 9, 1895, in which he promised to pay them, one year after date, $543.75, with interest at the rate of seven per cent per annum from date until paid, to which was also added a power of attorney authorizing any attorney to confess judgment in any court at any time thereafter for the amount that appeared to be due and unpaid on the note, together with $25 attorney's fees and costs; that after the note was delivered and before the declaration was filed, said Scroggin & Co. indorsed the same in writing and then delivered the note to the appellant, whereby the appellee became liable and promised to pay the appellant the sum of money specified in the note, according to its effect, but had failed to do so, to the damage of the plaintiff, etc.

On the same day the declaration was filed an attorney, acting under said power of attorney, filed with said clerk a cognovit, in which he entered the appearance of the appel-

lee, admitted all the facts alleged in the declaration, and confessed that the appellant was entitled to a judgment against the appellee, under the claim made in his declaration, for $648.81 and costs. To this cognovit was attached the note and power of attorney mentioned in the declaration, and an affidavit of the appellant to the effect that he knew the appellee had executed the power of attorney, and was still living.

The record fails to show that the clerk entered up a formal judgment in vacation, in accordance with the declaration and cognovit, but it does show that during the December term, 1897, of that court, on motion of the appellee, the court made an order opening up the judgment rendered in vacation in this case, and gave the defendant leave to plead to the declaration; and that in pursuance thereof, the defendant afterward filed a number of pleas thereto, the first being the general issue; the others all setting up in bar of the action: (1) that the consideration of the note sued on was for money won by the appellant from the appellee by gambling; (2) that the consideration was for money lent and advanced by the appellant to the appellee for the purpose of gambling in wheat on the board of trade; (3) that the consideration was for losses due from the appellee to the appellant upon gambling contracts made by the appellee through the appellant, and further setting up that while the note was given to Scroggin & Co., it was to them as the trustee for the appellant; and (4) that the consideration of the note was an option contract between the appellee and appellant; and each of the special pleas claims that the note was void under the statute of Illinois.

Issue was joined upon the first plea and the others traversed and issue joined. A trial was then had by the court by consent of the parties, the court found for the defendant, and gave judgment in bar of the action, and for costs.

The appellant brings the case to this court by appeal and urges a reversal of that judgment, upon the grounds that the finding and judgment are against the evidence, and that the court improperly refused propositions of law submitted by the appellant.

The evidence shows that the appellant and appellee lived in Kinney, Illinois, and both being desirous of purchasing on the board of trade, in Chicago, an option upon 10,000 bushels of wheat, directed Snydocker, Fiffe & Co., of Chicago, who were members of that board, to purchase for them, in the name of the appellant, an option on 10,000 bushels of wheat, which they did. Wheat advanced in price and that deal was closed out at a profit to the appellee of $130, without his paying any part of the margin upon which the purchase was made.

The appellee received $30 of that profit and left $100 remaining in the hands of the appellant, directing him to purchase, in his name, another option on wheat for them both; and thereafter the appellant, in pursuance of that request, purchased, in Chicago, in his name and through the same firm, an option. on 15,000 bushels of wheat, 10,000 bushels on his and 5,000 bushels on defendant's account. Wheat rapidly declined in price thereafter, and that deal was closed with the knowledge and consent of the appellee, at considerable loss, and the appellee's share thereof upon settlement, was ascertained to be $643.75, upon which appellant paid the $100 left in his hands and appellee agreed to pay the balance thereof, if defendant would give him the note described in the declaration, which defendant did, and the same was thereafter assigned by the payees therein to the appellant.

After the evidence was closed the appellant, among other propositions of law, submitted to be held as the law in this case, the following:

" If it appears from the evidence in this cause that the plaintiff and defendant jointly purchased on the board of trade in Chicago, a quantity of wheat, and that the plaintiff, acting for and on behalf of himself and the defendant, and with the knowledge and consent and approval of the defendant, closed out or disposed of said grain at a loss to the plaintiff and defendant, and the proportion of said loss sustained by each was ascertained and determined by the plaintiff and defendant, and that the plaintiff settled the loss for the defendant and plaintiff jointly, and that the consideration

for the note in evidence was the adjustment of such loss between the plaintiff and defendant, the court holds that as a matter of law, such consideration is a legal consideration, and is not within the inhibition of the statute in relation to gaming contracts or in violation thereof; and this although the purchase of grain by the plaintiff for himself and the defendant jointly was not a *bona fide* purchase of grain and that it was not intended that any grain should be delivered or received or sold by the plaintiff and defendant."

The court refused it, an exception was taken, and that ruling is urged as error.

We think the court ought not to have refused this proposition of law, because it correctly stated the law applicable to the evidence; for the consideration of the note was shown to be $543.75 paid by appellant as part of appellee's share of the loss sustained by both upon an illegal option deal in wheat made jointly by them with another, and which part the appellant paid to that other party after the loss was sustained, and at the request of the appellee. Such a transaction, we think, comes within the principle which this court announced in the case of Brooks v. Bradley, 53 Ill. App. 155, where presiding justice Boggs, speaking for the court, said :

" The consideration * * * was not within the inhibition of the statute. It was not money won by the payee of the maker by betting with him upon the result of an election, but an amount paid by the payee to another for the maker after the loss had been sustained. We do not understand that such a consideration is within the statute. Sec. 131, Chap. 38, R. S."

The defense set up by the pleas and which the appellee undertook to establish, was that the consideration of the note sued on, was money paid or advanced for the appellant upon a loss sustained by appellee upon a gaming contract made by the appellee with the appellant.

But appellee failed to establish that defense, as the evidence showed that the consideration of the note was a part of appellee's share of the loss sustained upon a gambling contract made between appellant and appellee jointly with another, which was not the defense pleaded, nor would it be a good defense if pleaded.

The Circuit Court therefore committed reversible error when it refused said proposition of law, and also when it found the issues for the defendant; for which errors we reverse its judgment and remand this case to that court with directions to enter a judgment therein for the plaintiff, for the amount called for by the note, and for costs.   Reversed and remanded with directions.