## Abstract of the Decision.

1. COURTS, § 150*—*when ruling on appeal to Supreme Court law of the case in transferred cause.* Where on an appeal to the Supreme Court in the first instance in an action to recover a statutory penalty, that court holds that no constitutional question is involved and transfers the cause to the Appellate Court, such decision disposes of the question of the constitutionality of the act under which the proceeding is brought.

2. PHYSICIANS AND SURGEONS, § 5*—*when licensing act applicable to practicing physicians.* Laws 1899, p. 273 (J. & A. ¶ 7377), regulating the practice of medicine, is applicable to physicians practicing when the act took effect.

3. PENALTIES, § 16*—*when judgment imposing imprisonment until payment of penalty valid.* A judgment in an action to recover for the violation of a penal law may provide for defendant's imprisonment until the payment of the judgment and costs.

———  · ———

Charles F. Thurn, trading as John L. Thurn & Company, Appellee, v. Bertha C. Schwartz, Administratrix et al., Defendants.
On Appeal of Marie Bade and Bertha C. Schwartz, Administratrix, Appellants.

Gen. No. 21,274.   (Not to be reported in full.)

Appeal from the Superior Court of Cook County; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916. Rehearing denied January 17, 1916.

## Statement of the Case.

Action by Charles F. Thurn, trading as John L. Thurn & Company, plaintiff, against Marie Bade and Bertha C. Schwartz, administratrix of the estate of Gustav Bade, deceased, defendants.

On July 23, 1910, a judgment for $573.21 was confessed and entered against Marie Bade and Gustav

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bade in favor of plaintiff in the Superior Court. Gustav Bade, after entry of judgment, died, and on March 20, 1914, Marie Bade, his codefendant, and Bertha C. Schwartz as administratrix of the estate of Gustav Bade, deceased, moved the Superior Court to vacate the judgment and for leave to plead. This action was allowed. A trial was had before court and jury, which resulted in a verdict finding the issues for the plaintiff. A motion for a new trial being denied, it was ordered that the judgment theretofore rendered July 13, 1910, stand in full force and effect and that plaintiff have execution upon said judgment and for costs. From such judgment, defendants appeal.

JONES, KERNER & POSVIC, for appellants; DEWITT C. JONES, of counsel.

WILLIAM SCHWEMM, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 80*—*when motion to vacate confessed judgment denied for laches.* A delay of four years in moving to vacate a confessed judgment is such laches as to warrant a denial of the motion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.