## H. M. Freeman, Appellee, v. J. T. Counsell, Appellant.

### Gen. No. 22,605.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917.

### Statement of the Case.

Judgment by confession taken by H. M. Freeman, plaintiff, against J. T. Counsell, defendant, upon a promissory note, with power of attorney to confess judgment, in the sum of $448.04. From a reinstatement of the judgment, after same had been opened and a hearing had, the defendant appeals.

The payee of this note became a bankrupt and the plaintiff purchased it through the bankruptcy proceedings prior to maturity of the note. Judgment was entered July 16, 1915. The defendant, with knowledge of the entry of the judgment from that date, took no steps

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to open it until September 30, 1915. His petition then filed was denied, but on a further petition the judgment was opened October 28, 1915.

The payee of the note, the defendant, and one other owned the stock of the Minden Edison Light & Power Company, which owed the Madison Street Bank, an unincorporated bank owned by the payee, $1,225. The bank being involved in the failure of the La Salle Street Trust & Savings Bank, the defendant gave to the payee his check for $800 and the note in question to pay said indebtedness to the Madison Street Bank, the payee assigning to him twenty-four shares of stock in said company and delivering to him the notes evidencing such indebtedness, with the following agreement:

"I agree to pay to P. A. Hines Four Hundred Forty-eight Dollars and Four Cents ($448.04), subject to the following conditions:

"1.   That all matters relating to the Minden Edison Light & Power Company, now handled by P. A. Hines, or relatives, be brought up to date and all collections made and forwarded to me.

"2.   That no claim for services shall be rendered against the Minden Edison Light & Power Company or me personally by P. A. Hines or relatives, except that of Clara M. Hines already agreed on.

P. A. Hines."

SHEPARD, MCCORMICK, THOMASON & KIRKLAND, for appellant.

C. H. SIPPEL, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Freeman v. Counsell, 203 Ill. App. 333.

## Abstract of the Decision.

1. JUDGMENT, § 80*—*when denial of motion to open judgment by confession on ground of laches is proper.*  Where a defendant having knowledge that a judgment by confession had been entered against him took no steps to open the judgment until about two months and a half after it was entered, *held* that the court might well have denied the motion to open the judgment on the ground of laches.

2. JUDGMENT, § 86*—*when opening of judgment by confession does not affect stipulations in power of attorney waiving errors of procedure.*  The opening of a judgment by confession for the purpose of allowing the defendant to present a defense does not abrogate the effect of the stipulations in the power of attorney under which the confession of judgment was taken waiving errors of procedure.

3. CONTRACTS, § 86*—*when agreement is nudum pactum.*  An agreement between the payee of a note and the maker made at the time of the giving of the note and relating to the transaction of business in a corporation the shares of stock in which held by the payee were turned over to the maker, who was also a stockholder, and who gave the payee the note sued on and a check to pay indebtedness to a bank to which the corporation owed money, and in which the payee, who alone signed it, promised to pay to himself the amount of the note upon the performance of certain conditions relating to the transaction of the business of the corporation, *held* to be *nudum pactum.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.