## John G. Craig, Appellee, v. August V. Pellet, trading as Pellet's Magneto Exchange, Appellant.

### Gen. No. 23,276.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed January 30, 1918.

### Statement of the Case.

Action by John G. Craig, plaintiff, against August V. Pellet, trading as Pellet's Magneto Exchange, defendant, to recover for a breach of contract. From a judgment for plaintiff for $175, defendant appeals.

BROWN, BROWN & BROWN, for appellant.

JOEL C. CARLSON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 351*—*when parol evidence inadmissible to explain contract.* In an action to recover for breach of a contract for the sale of goods, the contract in question *held* complete as written and that parol evidence was not admissible to complete and explain it.

2. SALES—*when no consideration for subsequent promise to remedy defect.* An agreement by the seller of an appliance, made after the performance of the contract and after it was found that such appliance did not work properly, to correct the defect, does not bind the seller to cure any defects in the appliance, such agreement being without consideration.

3. SALES, § 244*—*when warranties may be implied.* Warranties may be implied in the case of a written contract for the sale of an article as well as where the contract is oral.

4. SALES, § 243*—*what is effect of implied warranty.* An implied

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

warranty in the case of the sale of an article is an obligation imposed by law.

5. SALES, § 252*—*when no implied warranty as to fitness for purpose prior to Uniform Sales Act.* Prior to the Uniform Sales Act of 1915 [Callaghan's 1916 St. Supp. ¶ 1021(4) *et seq.*], where the purchaser of a specified appliance did not rely on the judgment or skill of the seller but was as familiar with the appliance as the seller, there was no implied warranty by the seller that the appliance was reasonably fit for the purpose for which it was bought.