**Lathrop-Paulson Company, Appellant, v. Charles Perksen, Appellee.**

**Gen. No. 27,917.**

1. JUDGMENTS—*when judgment by confession may be set aside after term.* A judgment entered by confession for the amount of judgment notes was properly set aside after the term at which it was entered, with leave to defend and the judgment to stand as security, where it was entered without notice to or the knowledge of the defendant on the day before the end of the term, and defendant first learned of its entry on the seventh day of the following term, ten days after entry, and filed his motion to vacate and for leave to defend on the day following that on which he learned of the entry, and presented equitable grounds entitling him to present his defense.

2. SALES—*admissibility of verbal representations by seller as to fitness of machine for particular purpose.* Parol evidence of representations made by the seller as to what a bottle washing machine would accomplish, and that it properly would wash and sterilize the bottles, is admissible in an action for the purchase price of such machine, as tending to establish the existence of an implied warranty of the reasonable fitness of the machine for the particular purpose of washing milk bottles, under the Sales Act, Cahill's Ill. St. ch. 121a, ¶ 18, relative to such implied warranty, where it is shown that the buyer had never had experience with or knowledge of bottle washing machines and left everything to the judgment of the seller, that he had no opportunity to inspect the machine before it was installed or see any machine in operation before he purchased, and that the machine failed to do the work for which it was purchased.

3. HARMLESS ERROR—*error in admission of immaterial evidence*

Lathrop-Paulson Co. v. Perksen, 229 Ill. App. 400.

*not prejudicial where shared in by both parties.* It was not prejudicial error, in an action for the purchase price of a bottle washing machine defended on the ground of breach of implied warranty of fitness for the particular purpose of washing milk bottles, to permit defendant to testify as to a conversation with the seller's agent as to the unsatisfactory operation of other machines sold to another milk dealer which the agent said were not the same kind of machines, where the agent later testified at length as to the conversation and gave a history of the other machines.

4. EVIDENCE—*evidence as to operation of other similar machines inadmissible on fitness of machine sold for particular purpose.* Evidence as to the operation of other bottle washing machines sold by plaintiff to persons other than the defendant is inadmissible in an action for the purchase price of a machine sold to defendant on representations that it was reasonably fitted for the particular purpose of washing milk bottles, where the evidence shows that the machine in question did not work satisfactorily.

5. HARMLESS ERROR—*opening door to parol evidence as waiver of objection.* The seller of a bottle washing machine cannot complain of the admission of parol evidence as to the transaction culminating in the sale on written contract and as to conversations and representations made by the seller to the buyer to induce the purchase, where it first introduced such evidence.

6. APPEAL AND ERROR—*failure to raise point on trial as bar to review on appeal.* The contention that a machine was sold under its patent or trade name and that there was therefore no implied warranty of fitness for any particular purpose cannot be first raised on appeal.

7. SALES—*when machine not sold under trade name.* A bottle washing machine is shown not to have been sold under its patent or trade name by evidence that the machine was described as a "rotary bottle washer" in the written contract of sale and that the seller had stricken from the printed contract descriptive words which might have constituted a trade name.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 28, 1923.

JOSHUA R. H. POTTS, for appellant; BRAYTON G. RICHARDS and J. DANIEL STUWE, of counsel.

ELMER J. SCHNACKENBERG, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Defendant contracted to buy a bottle washing machine from plaintiff and gave in payment his three judgment notes for $100 each. Judgment by confession was entered thereon for $330.63. Subsequently upon motion defendant was given leave to plead and present his defense. Upon trial the jury returned a verdict favorable to defendant and plaintiff appeals from the judgment thereon.

Plaintiff argues that it was error for the circuit court to set aside the judgment after the term at which it was entered had passed. The judgment was entered Friday, March 17, 1922, in the February term, which virtually ended at twelve o'clock noon the following day. The next term of court began on the following Monday, March 20. Defendant had no notice or knowledge of the entry of this judgment until March 27, and his motion to vacate the judgment and for leave to defend, supported by his affidavit, was made March 28, and on March 29 leave was granted to defendant to file his plea, with the judgment to stand as security, and the cause was set down for trial.

It has long been the rule that courts of law exercise an equitable jurisdiction over judgments entered by confession on warrants of attorney. Diligence must be shown by defendant in making a motion for leave to defend and equitable grounds must be presented clearly showing that plaintiff was not entitled to the judgment on the power of attorney. This has been the approved practice since the early case of *Lake v. Cook,* 15 Ill. 353, where the reasons therefor are clearly stated. The propriety of this has been recognized in numerous reported cases. Cases like *Chapman v. North American Life Ins. Co.,* 292 Ill. 179, holding that the court cannot, at a subsequent term, set aside a judgment for error committed in the entry of the judgment, are not in point. The defendant in

the case at bar made his motion within apt time and presented equitable grounds which clearly entitled him to present his defense and have the same heard upon trial in the usual way, and the order of the court in this respect was proper.

Defendant was in the wholesale milk business. His bottles had been washed by hand and he testified that he had never had any experience with or knowledge of the operation of milk bottle washing machines. He was approached by Mr. Lathrop, president of the plaintiff company, who sought to sell defendant such a machine, and after considerable talk defendant signed a contract to buy the machine, which was subsequently delivered. There was much testimony tending to show that the machine did not properly wash milk bottles and that it failed to do the work for which it was purchased. The fact that the evidence shows such failure is not contested in argument, so it is unnecessary to discuss this.

Defendant invokes that section of the Sales Act, Cahill's Ill. St. ch. 121a, ¶ 18:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

The court permitted testimony as to the oral representations made by Mr. Lathrop as to what the washing machine would accomplish, that it would wash the bottles so that they would not have to be washed by hand, and that it would insure the washed bottles to be sterile. Defendant had no opportunity to inspect the machine before it was installed nor to see any machine in operation before the purchase was made. Everything was left to the judgment of plaintiff as manufacturer. Under such circumstances this parol testimony is not testimony offered to vary the terms

of the written contract, but as tending to establish the existence of an implied warranty of the reasonable fitness of the machine for the particular purpose of washing bottles and under the circumstances was properly admitted. *Lidgerwood Mfg. Co. v. Robinson & Son Contracting Co.*, 183 Ill. App. 431; *Craig v. Pellet*, 209 Ill. App. 368; Williston on Sales, p. 322.

Subsequent to the installation of the machine defendant had a conversation with Lathrop, in which complaint was made that this machine failed to operate properly. In giving this conversation defendant said that he then asked Lathrop concerning certain other machines used by a man, Schmidt, which had proved unsatisfactory; that Lathrop answered that those were not the same kind of machine as that sold to defendant. Subsequently Lathrop testified at length concerning this same conversation and was permitted to give a history of the machine which had been purchased by Schmidt. As both parties were permitted to give their version of the conversation, there was no prejudicial error in this respect.

While the entire conversation between the parties with reference to the operation of the machine purchased by defendant was competent, the fact as to the operation of the Schmidt machine was immaterial and the court properly excluded evidence offered by plaintiff as to the operation of other machines which it had sold to other parties.

The record shows that parol evidence with reference to the transaction was first introduced by plaintiff when Mr. Lathrop testified as to his conversation with and representations to defendant about the machine before the contract of purchase was signed. By opening the door to parol evidence of this sort plaintiff cannot complain that defendant was also permitted to give his version as to what was said.

The rule that where a specified article is sold under its patent or trade name there is no implied warranty as to its fitness for any particular purpose will not

avail. This point was not presented upon the trial and it is too late to raise it in this court. *Lewy v. Standard Plunger Elevator Co.*, 296 Ill. 295.

However, the rule has no application to this case for the record shows that the machine was not sold under a patent or trade name, but was described as "a rotary bottle washer." Apparently the contract was upon a printed form which contained the words, "Lathrop-Paulson Can Washer." These words might be used as a trade name, but before it was signed they were stricken from the contract by plaintiff for reasons of its own. This left the contract as plaintiff designed it to be, not for the sale of a specified article sold under a trade name, but simply as a rotary bottle washer machine, which are words of general application.

Among many cases involving similar facts which tend to support the present judgment are: *American Spiral Pipe Works v. Universal Oil Products Co.*, 220 Ill. App. 383; *New Idea Arc Light Co. v. Renneker Co.*, 195 Ill. App. 290; *Lidgerwood Mfg. Co. v. Robinson & Son Contracting Co.*, 183 Ill. App. 431; *The St. S. Angelo Toso*, 265 Fed. 783.

Errors are alleged on the refusal of certain instructions offered by plaintiff. The substance of these instructions was covered by other instructions given, and it was not error to refuse them. The instructions as a whole properly and fairly presented the law to the jury.

Defendant having proven his defense to the satisfaction of the jury and there being no prejudicial errors upon the trial, the judgment is affirmed.

*Affirmed.*

MATCHETT, J., concurs.