## M. Sternberger, Appellee, v. S. Wright, Appellant.

1. AFFIDAVITS—*construction of affidavit supporting motion to vacate judgment by confession.* An affidavit in support of a motion to set aside a judgment by confession must be construed strictly against the defendant.

2. GAMBLING CONTRACTS—*sufficiency of affidavit to show consideration for note was gambling debt.* An affidavit in support of a motion to vacate a judgment by confession upon a note, alleging that the note was executed by the defendant for a gambling debt and no other consideration, in that it was by way of settlement of a partnership relation between the parties in the conduct of a general gambling business with cards, dice and other gambling devices prohibited by law, but containing no averment that plaintiff ever won any money or property from defendant in any game of chance, held insufficient to show that the consideration for the note was a gambling debt.

3. JUDGMENTS—*laches in seeking relief from judgment by confession.* Where defendant did not move to reopen a judgment by confession and for leave to plead until more than a month after the entry of such judgment and at a subsequent term of the court, and made no showing as to the date when he first learned of such judgment, it was not error to deny the motion on the ground of laches.

4. JUDGMENTS—*sufficiency of affidavit to show meritorious defense.* Affidavit in support of motion to reopen judgment by confession upon note held insufficient to show existence of meritorious defense in that consideration of instrument was gambling debt of defendant to plaintiff.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellant.

JOHN C. ROBERTS, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.
Appellee procured a judgment by confession against appellant on April 14, 1925, and the latter, on May 19,

1925, moved the court to open the same and for leave to plead. Appellant filed his affidavit in support of the motion in which he stated that he was not aware of the fact that the judgment was entered against him until he was served with an execution and that he then proceeded to use all his efforts for the purpose of employing counsel and making a defense. There was no showing as to the date of the service of the execution. The affidavit avers that the note which is the basis of the judgment "was executed by the defendant in consideration of a gambling debt and for no other consideration whatever; that this affiant and the said plaintiff, M. Sternberger, for a long time prior to the date of execution of said judgment note, engaged in a joint venture and partnership in the business of general gambling with cards, dice, and other gambling devices, prohibited by law; and that the said judgment note in question was executed by this affiant by way of settlement of the said partnership venture and balances between the plaintiff and this affiant as a result of being engaged in the gambling business aforesaid." The motion was overruled and the only question properly before us is as to whether the affidavit was sufficient to show a meritorious defense and due diligence on the part of appellant.

It is a well-settled rule that an affidavit in support of a motion of this kind must be construed strictly against the defendant. We cannot say that the affidavit in question shows that the consideration for the note was a gambling debt. There is no averment that appellee ever won any money or property from appellant in any game of chance. Even if the affidavit can be construed as showing that the parties jointly bet and lost money on games of chance, and that appellee paid more than his proportion thereof, and that appellant executed the note in question to adjust the difference between them, it has been held that a note given under such circumstances is a valid obligation

and not a gambling debt. *Brooks v. Brady,* 53 Ill. App. 155; *Suttle v. Finnegan,* 86 Ill. App. 423; *Charleston State Bank v. Edman,* 99 Ill. App. 235; L. R. A. 1918C 252, and cases cited.

A motion to open a judgment by confession and for leave to plead is analogous to a motion to vacate a judgment obtained by default, and the rule as to laches in default cases is applicable. *Kesner v. Truax,* 195 Ill. App. 285; *Freeman v. Counsell,* 203 Ill. App. 333. A default will not be set aside although the defendant may show that he has a good defense, when it does not appear that he exercised proper diligence. *Mendell v. Kimball,* 85 Ill. 582. An application to set aside a default must show a meritorious defense, and a reasonable excuse for not having made that defense in due time. *Hitchcock v. Herzer,* 90 Ill. 543.

In the case at bar the judgment was entered on April 14, 1925, and the motion to open it and for leave to plead was not filed until May 19, 1925, at a subsequent term of court. Appellant made no showing as to the date when he first learned of the judgment. So far as the record shows he may have had full knowledge of the fact on the day the judgment was procured. In the state of the record we cannot say that the court erred in holding that appellant failed to show a meritorious defense and that he was guilty of laches. The judgment is affirmed.

*Affirmed.*