**A. Solomon, Appellee, v. Harry Dunne et al., Appellants.**

**Gen. No. 35,552.**

416

Opinion filed January 25, 1932.

Samuel E. Davidson, for appellants.

Kessler, Tobin & Miller, for appellee; Ben H. Kessler, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

Defendants have appealed from an order which denied their motion to set aside a judgment entered against them on a promissory note purporting to grant such authority. The judgment was entered December 9, 1930. The document sued on was executed September 30, 1929, was made to the order of Economy Finance Association and was for the sum of $300, payable in 50 equal instalments of $6 a week with interest

at the rate of six per cent per annum. On the back of this writing appears the purported indorsement of the Economy Finance Association by its president, J. Wainer.

On June 5, 1931, defendants made a motion to set aside the judgment and on June 8 presented their verified petition in which it was in substance alleged that the finance corporation was not registered with the secretary of state as required under the Small Loans Act, Cahill's St. ch. 74, ¶ 27 *et seq.*, and that there was no authorization for it to do business on record in the recorder's office of Cook county, as required by that act; that at the time the loan was made the association charged defendants $24; that the net amount paid on the loan to the borrowers was $276; that the loan was in violation of paragraph 28, ch. 74 of Cahill's Revised Statutes (see Laws of Illinois, 1917, p. 553, approved June 14, 1917); further, that at the time of the confession of judgment there was due a balance of only $120; that nevertheless contrary to the statute, attorney's fees to the amount of $30 were allowed; that the entire transaction was null and void under the Small Loans Act, and that the plaintiff was not an innocent holder for value, but that the note was indorsed to him for the purpose of avoiding the statutory liability.

The Small Loans Act has been held constitutional in *People v. Stokes,* 281 Ill. 159, and it seems to be conceded that the affidavit stated a good defense upon the merits within the terms of that act, but plaintiff contends that the affidavit is insufficient and that the court did not abuse its discretion in denying the motion, for the reason that the affidavit failed to allege that defendants exercised diligence in presenting their defense. Plaintiff cites a large number of cases, some of which, such as *Hitchcock v. Herzer,* 90 Ill. 543, are not applicable for the reason that the question which the

court was there called upon to decide was whether the court had abused its discretion in refusing to grant a new trial where the defendant, although served, had failed for some reason to interpose a defense. There is no question that in such case a defendant is required to make a showing not only to the effect that he has a meritorious defense but also that he was not guilty of negligence in permitting a judgment to be entered against him. The distinction has not always been observed.

Thus, in *Sternberger v. Wright,* 239 Ill. App. 490, where a judgment had been entered by confession on April 14, 1925, which defendant made a motion to set aside on May 19, 1925, the Appellate Court for the Fourth District said:

"A motion to open a judgment by confession and for leave to plead is analogous to a motion to vacate a judgment obtained by default, and the rule as to laches in default cases is applicable." The opinion cites, *Kesner v. Truax,* 195 Ill. App. 285, and *Freeman v. Counsell,* 203 Ill. App. 333, as authority for this statement, and *Mendell v. Kimball,* 85 Ill. 582, as authority for the further statement that a default will not be set aside, although the defendant may show that he has a good defense, when it does not appear that he exercised proper diligence.

An examination discloses that *Mendell v. Kimball* was a case where a judgment was taken by default in the absence of the defendant, and not, as here, a case where judgment was entered by confession.

*Kesner v. Truax* is a case where judgment was entered by confession on a lease and there was an appeal from an order denying a motion of the defendant to open up the judgment. The order denying the motion to vacate was sustained, the court citing and quoting with approval from *Kloepher v. Osborne,* 177 Ill. App. 384, which again was not a case where there was a con-

fession of judgment at all, but one where a defendant duly summoned failed to present his defense.

*Tyler v. Ross,* 215 Ill. App. 502, is also cited, but while the question there arose out of a confession of judgment, it does not appear that the question of whether reasonable diligence was necessary received consideration. *Jones Foundry & Machinery Co. v. Aurora, Elgin & Chicago Ry. Co.,* 166 Ill. App. 166, is another case cited which did not involve a motion to set aside the judgment by confession but, on the contrary, was a proceeding under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. *Hartford Life & Annuity Ins. Co. v. Rossiter,* 196 Ill. 277, is another case relied on, which does not involve a confession of judgment.

*Thurn v. Schwartz,* 197 Ill. App. 359, is not cited but involves a confession of judgment entered July 23, 1910, and a motion to vacate and set aside made March 20, 1914. As a matter of fact, the judgment was set aside and a trial had before a jury and there was a finding for plaintiff. The opinion of this court there states that the laches attributable to defendants in waiting nearly four years was a bar to the granting of the motion, citing as authority *Schultz v. Meiselbar,* 144 Ill. 26, and *Barrett v. Queen City Cycle Co.,* 179 Ill. 68, where the question considered was the action of the court in vacating a default where a defendant summoned had failed to present his defense. *Austin v. Lott,* 28 Ill. 519, is cited. It was there held on appeal that a motion to set aside a judgment which had been entered four terms before the motion was made came too late, the precise facts, however, not appearing.

The law applicable in this State to the exercise of the equitable jurisdiction of courts over judgments entered by confession upon warrants of attorney is set forth in the early case of *Lake v. Cook,* 15 Ill. 353. In that case a confession of judgment was entered upon a promissory note at the November term, 1852, of the

Kane county circuit court. At the February term, 1853, defendant entered a motion to set aside the judgment which was continued to the next term. At that term the motion was heard upon affidavits and an order was entered denying the motion. Upon appeal the Supreme Court pointed out that courts of law exercise equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorney, citing *Frasier v. Frasier,* 9 Johns. (N. Y.) 80; *Wintringham v. Wintringham,* 20 Johns. (N. Y.) 296; *Barrow v. Bispham,* 6 Halsted (N. J. L.) 110, and quoting with approval the observations of the chancellor in *Brinkerhoff v. Marvin,* 5 Johns. C. R. 320, where it was said:

"And it is necessary to justice that courts of law should possess, and liberally exercise that jurisdiction."

Our Supreme Court said, after reviewing these authorities:

"We think the court should so far have opened the case as to allow the defendant a trial on the merits. He had no notice of the entering of the judgment, and therefore could not have interposed his defense at that time. He made this application at the earliest opportunity, and was not justly chargeable with any laches in the assertion of his rights."

In the comparatively recent case of *Lathrop-Paulson Co. v. Perksen,* 229 Ill. App. 400, this court had occasion to consider the rule applicable to a motion to set aside a judgment by confession after the term at which the judgment was entered, and summarized the law as follows:

"It has long been the rule that courts of law exercise an equitable jurisdiction over judgments entered by confession on warrants of attorney. Diligence must be shown by defendant in making a motion for leave to defend and equitable grounds must be presented clearly showing that plaintiff was not entitled to the

judgment on the power of attorney. This has been the approved practice since the early case of *Lake v. Cook,* 15 Ill. 353, where the reasons therefor are clearly stated. The propriety of this has been recognized in numerous reported cases. Cases like *Chapman v. North American Life Ins. Co.,* 292 Ill. 179, holding that the court cannot, at a subsequent term, set aside a judgment for error committed in the entry of the judgment, are not in point. The defendant in the case at bar made his motion within apt time and presented equitable grounds which clearly entitled him to present his defense and have the same heard upon trial in the usual way, and the order of the court in this respect was proper.'' In that case judgment was entered March 17, 1922, and a motion to vacate and for leave to defend was made March 28 thereafter.

Other cases might be cited, but what we have already stated is sufficient to show that the proper rule in this State is that where a judgment has been confessed the defendant is entitled to have it set aside at a subsequent term upon showing a meritorious defense, and that he has not been guilty of laches. We have not been cited by either of the parties to any case nor have we found one in which any general rule as to what constitutes laches in such a case is stated. The doctrine is an equitable one based upon the maxim that equity aids the vigilant and not those who slumber on their rights. It appears therefrom that the basis of the doctrine of laches is found in an equitable estoppel. The defendants here contend (if we understand them aright) that there is no basis for laches because the writing which purported to create the debt and the power of attorney is void as being contrary to the statute. It is apparent (assuming as we must that the affidavit is true) that the power of attorney and the note are both void *ab initio* because contrary to the statute. *People v. Stokes,* 281 Ill. 159; *Raming v. Peyser,* 259 Ill. App. 152. That being true, it is difficult to understand

how laches could be based upon such an illegal transaction or how the acquiescence of defendants in the judgment could validate an agreement which is illegal and contrary to public policy. *Evans v. American Strawboard Co.,* 114 Ill. App. 450. If the power to confess judgment was illegal and void on this record, we must then hold that the execution of the power did not confer jurisdiction upon the court to enter the judgment, and it could be set aside at any time thereafter. *McInness v. Wilson Printing Co.,* 258 Ill. App. 161; *Brown v. Atwood,* 200 Ill. App. 210, and cases there cited.

The statute in question was enacted for the purpose of protecting the weak and the oppressed from the strong and the powerful, and the public policy of the State as expressed in the statute may not be disregarded nor its protection denied to those for whose benefit it was enacted because of their acquiescence for a few months in the wrong which the statute was enacted to prevent.

For the reasons indicated the judgment is reversed and the cause remanded with directions to set aside the judgment confessed and allow a trial upon the merits.

*Reversed and remanded with directions.*

O'Connor, P. J., and McSurely, J., concur.